BAUDO, Appellant,

v.

CLEVELAND CLINIC FOUNDATION, Appellee.

[Cite as *Baudo v. Cleveland Clinic Found.* (1996), 113 Ohio App.3d 245.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Decided Aug. 5, 1996.

*Schulman, Schulman & Meros* and *John C. Meros*, for appellant.

*Reminger & Reminger Co., L.P.A., George S. Coakley* and *Nancy F. Zavelson,* for appellee.

NAHRA, Judge.

Plaintiff-appellant, Sandra Baudo, was injured when she slipped and fell on the premises of defendant-appellee, Cleveland Clinic Foundation. Appellant is appealing the trial court's grant of summary judgment in favor of appellee. For the following reasons, we reverse and remand.

Baudo accompanied her father to the Cleveland Clinic for his cancer treatment. At 10:15 a.m., Baudo and her father walked down the H-corridor to get to the cafeteria. Baudo did not notice any liquid on the floor at that time. The cafeteria, H-corridor and H-lobby are all located on the first floor of the building.

At 10:45, Baudo left the cafeteria, and walked down the H-corridor, to the H-lobby, to go to the washroom. She did not see any water on the floor. She left the washroom to return to the cafeteria. As she rounded the corner from the H-lobby leading into the H-corridor, she slipped and fell. After she had fallen, she noticed a clear liquid on the floor beneath her. There was a six-inch area of liquid underneath her elbow, and a large area of liquid behind her, measuring approximately one foot wide at its narrowest point, and spreading out to three feet wide. Baudo stated that it appeared that half a bucket of water was on the floor.

Katrina Jones, a Clinic Catering Department employee, saw appellant's fall. Jones stated that the clear liquid may have been spilled by people carrying beverages away from the cafeteria. She did not notice any beverage cups on the floor near the spill.

Perry Murdock, assistant director of the Clinic's Building Services Department, testified that a utility room for Building Services is located in the H-corridor. Buckets of water are sometimes transported from this utility room on utility carts.

Rita Ellis, a security officer at the clinic, was summoned to the scene of appellant's fall. Ellis said the liquid on the floor appeared to be a spill from a cup, and covered an area the size of a snapshot. The place appellant fell was not

located by any entrances or exits, and the liquid did not appear to have been tracked in from outside.

Appellant's sole assignment of error states:

"The trial court erred to the substantial prejudice of plaintiff/appellant in granting summary judgment to defendant/appellee."

Appellee is entitled to summary judgment if there is no genuine issue of material fact, appellee is entitled to judgment as a matter of law and reasonable minds can come to but one conclusion, viewing the evidence in a light most favorable to appellant, and that conclusion is adverse to appellant. Civ.R. 56; *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 587 N.E.2d 825. To prevent summary judgment, the nonmoving party must present sufficient evidence to establish the existence of each essential element of the case for which the nonmoving party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798. Appellant must present evidence sufficient to allow reasonable minds to reach different conclusions as to an essential element of appellant's case. *Mitseff, supra; Turner v. Turner* (1993), 67 Ohio St.3d 337, 339–341, 617 N.E.2d 1123, 1125–1127.

 To establish her negligence claim, appellant must show that appellee had a duty of care and breached the duty of care, and that the breach proximately caused injury to appellant. *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 198, 551 N.E.2d 938, 943–944. The parties agreed that appellant was an invitee at the clinic and that the clinic had a duty of ordinary and reasonable care to keep the premises in a reasonably safe condition. *Patete v. Benko* (1986), 29 Ohio App.3d 325, 505 N.E.2d 647. In order for an invitee to show that a premises owner breached this duty of care, the invitee must show either:

"1. That the defendant through its officers or employees was responsible for the hazard complained of; or

"2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or

"3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." *Johnson v. Wagner Provision Co.* (1943), 141 Ohio St. 584, 589, 26 O.O. 161, 163, 49 N.E.2d 925, 928.

If the plaintiff proves that defendant or its employees created the dangerous condition, the plaintiff does not have to show that defendant had knowledge of the

dangerous condition. *Crane v. Lakewood Hosp.* (1995), 103 Ohio App.3d 129, 658 N.E.2d 1088.

█ Appellant presented no evidence that appellee knew about the liquid on the floor, or that the liquid had been there for any length of time. Appellant asserts that there is evidence from which a reasonable trier of fact could conclude that the liquid on the floor was spilled by Clinic employees transporting buckets of water. See *Detrick v. Columbia Sussex Corp.* (1993), 90 Ohio App.3d 475, 629 N.E.2d 1081. In a view of the evidence in a light most favorable to appellant, the liquid on the floor looked like half a bucket of water and covered an area six inches wide to three feet wide, which extended down the hallway. Clinic employees transported buckets of water in the area where appellant fell, from a nearby storage room. It did not appear that the liquid had been tracked in from outside. No other explanation was offered for the presence of the liquid on the floor. A reasonable trier of fact could find that it was more probable that the large quantity of liquid on the floor was produced by a spill from a bucket rather than a drinking cup. The trier of fact could conclude it was more probable the hazard was created by clinic employees and was not created by another cause for which appellee would not be liable.

The facts of this case are distinguishable from *Gedra v. Dallmer Co.* (1950), 153 Ohio St. 258, 41 O.O. 274, 91 N.E.2d 256; *Allen v. C.G.S. Investments, Inc.* (June 11, 1992), Cuyahoga App. No. 62947, unreported, 1992 WL 136497; *Burton v. Sanray Corp.* (Mar. 26, 1993), Trumbull App. No. 92–T–4685, unreported, 1993 WL 129874; and *Rapp v. The Andersons* (June 10, 1994), Wood App. No. 93WD114, unreported, 1994 WL 262512, In those cases, there was no evidence showing that it was more likely that the hazard was created by the defendant or its employees. In this case, appellant presented evidence from which a reasonable jury could infer that the hazard was created by appellee. See *Detrick, supra; Leffingwell v. Wal–Mart Stores* (Nov. 20, 1995), Lawrence App. No. 95CA13, unreported, 1995 WL 695080. Reasonable minds could reach different conclusions as to whether appellee breached a duty of care and proximately caused injury to appellant. There was a genuine issue of material fact as to how the liquid came to be on the floor. The trial court erred in granting summary judgment in favor of appellee.

Accordingly, appellant's assignment of error is sustained.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

SPELLACY, C.J., and BLACKMON, J., concur.