The majority has concluded that the evidence in this case could only lead reasonable minds to the conclusion that Kings Island was not responsible for the puddle of liquid on the floor. Construing the evidence in this case most favorably to the Goddards, I reach a different conclusion. Therefore, I must respectfully dissent.
To recover in this case, the Goddards must establish that Woolfork, as an employee of Kings Island, was responsible for creating the puddle of liquid upon which Mrs. Goddard slipped. See Baudo v. Cleveland Clinic Found. (1996), 113 Ohio App.3d 245,248, citing Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584,589. Summary judgment is appropriate for Kings Island only if reasonable minds can come to but one conclusion, even after construing the evidence most strongly in favor of the nonmoving party. See Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344,346, and Civ.R. 56(C). In other words, the sole issue for this court to determine may be stated as follows: After construing the evidence in a light most favorable to the Goddards, could a reasonable mind conclude that Woolfork created the puddle of liquid?
The evidence as presented established the following chronology of events: (1) the floor by the trash can was clean prior to Mrs. Goddard going to the restroom; (2) Woolfork came to the trash can, removed the used garbage bag from the trash can, and replaced it with an empty garbage bag; (3) after returning from the restroom, Mrs. Goddard walked to the trash can and slipped on a puddle of liquid which had accumulated near the trash can. Testimony also established that the puddle was composed of a mixture of beer and other carbonated beverages rather than one, homogeneous liquid.
After viewing this evidence in a light most favorable to the Goddards, a reasonable mind could conclude that the puddle by the trash can was created when Woolfork removed the used garbage bag, set it aside, and replaced it with a new bag. Accordingly, I would reverse the decision to grant summary judgment and remand this matter to the trial court to allow these facts to be resolved by a jury.