OPINION
Plaintiff-appellant, Norma Reis, appeals a Clermont County Court of Common Pleas decision granting summary judgment in favor of appellee, the Kroger Company.
On October 20, 1994, Norma Reis was shopping at a Kroger store in Amelia, Ohio. Appellant was pushing her daughter in a cart and walking near the check-out registers at the front of the store when she slipped, fell to the floor and sustained injuries.
Appellant fell near a rack in which appellee stored four carpet cleaning machines for rental to customers. Appellant stated at her deposition that she slipped in a puddle of liquid that had accumulated as a result of one of the carpet machines leaking. Several other witnesses also testified that the puddle had accumulated as a result of a leaky carpet machine.
Harold Sininger, a manager at Kroger, stated in his deposition that, when customers return a cleaning machine after renting it, they sometimes return the machine directly to the storage rack without employee assistance, and sometimes they return the machine to the front office to be checked by an employee. Sininger stated that ideally the machines should be returned empty, but often customers brought back the machines while they were still full of liquid. Sininger stated that Kroger had no set policy for training employees to empty the machines, but common sense would dictate that employees should empty the machines before putting them back on the storage rack.
Anthony Petri, an assistant manager at Kroger, testified that there was no procedure for training new employees regarding how to check the machines in. Petri stated that new employees merely learned the check-in procedure via "trial by fire." Petri stated that when checking a machine in or out, a customer might be assisted by either a cashier, a bagger, or the employee at the front desk, depending on who saw the customer first and who was available at the time.
Petri also testified that Kroger maintained a logbook documenting, by serial number, when each machine was checked out and when the machine was checked back in. Appellee failed to produce the logbook even after several requests for discovery by appellant. Appellee claims that the log book entries from the time of appellant's fall are now unavailable due to the passage of time. However, we note that appellee was aware of the significance of the log book entry because Sininger testified that he checked the logbook as part of his investigation of the accident.
Appellee moved the trial court for summary judgment, and on February 17, 1999, the trial court granted appellee's motion. Appellant filed this appeal raising the following assignment of error for our review:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT THUS DEPRIVING PLAINTIFF-APPELLANT, NORMA REIS OF HER RIGHT TO A TRIAL BY JURY GUARANTEED BY THE CONSTITUTION AND DUE PROCESS OF LAW BASED UPON THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION. THE EVIDENCE WHEN VIEWED IN THE LIGHT MOST FAVORABLE TO THE PLAINTIFF-APPELLANT SHOWS THERE EXISTS MATERIAL ISSUES OF FACT.
Appellant argues that the trial court erred in granting summary judgment because several material issues of fact remain to be determined by the trier of fact. We review the trial court's decision to grant summary judgment de novo.Jones v. Shelly Co. (1995), 106 Ohio App.3d 440, 445.
Under Civ.R. 56(C), summary judgment is appropriate where (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, that party being entitled to have the evidence construed most strongly in their favor. Welco Industries, Inc. v. AppliedCos. (1993), 67 Ohio St.3d 344, 346.
A party seeking summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact as to the essential elements of the nonmoving party's claims. Desher v. Burt (1996), 75 Ohio St.3d 280,293. If the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial. Id.
In order to establish negligence in a premises liability case, the plaintiff must show the existence of a duty, a breach of that duty, causation, and damages. Jeffers v. Olexo (1989),43 Ohio St.3d 140, 142. It is not disputed that appellant's legal status while on appellee's premises was that of a business invitee.[1] A landowner owes a duty to invitees "requiring that the premises be kept in a reasonably safe condition, and that warning be given of dangers of which he has knowledge." Eicher v.United States Steel Corp. (1987), 32 Ohio St.3d 248, 249.
In order for a plaintiff to recover damages from a slip and fall accident on the premises of a business owner, the plaintiff must establish the following: (1) that the defendant through its officers or employees was responsible for the hazard; or (2) that the defendant, its officers, or employees had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or (3) that such danger had existed for a sufficient length of time to reasonably justify the inference that the failure to warn was attributable to a want of ordinary care.Baudo v. Cleveland Clinic Found. (1996), 113 Ohio App.3d 245,248, citing Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584,589.
Our review of the record reveals that several issues of material fact remain to be resolved. First, appellee argues that appellant has no evidence establishing that the machine was the source of the liquid since no witness saw the machine leaking or confirmed that it was leaking. However, several witnesses expressly concluded that the proximity of the puddle to the machine indicated that the machine was the source of the liquid.
Second, it appears that a dispute remains regarding who actually placed the machine back in the rack while it was still full of liquid. Appellee argues that the last patron to rent the machine must have brought it back to the store full of liquid and placed it directly in the rack. Appellant, on the other hand, asserts that an untrained Kroger employee must have placed the machine back in the rack without emptying it. Appellant's argument is plausible since appellee had no set policy for checking in the machines, and no set policy for training new employees to empty the machines before placing them in the storage rack. When the evidence is construed in the light most favorable to appellant, a reasonable mind could conclude that the machine was returned to the rack by an untrained Kroger employee without being emptied, thereby causing the leak.
By identifying these two specific disputed facts, we do not necessarily conclude that these are the only factual issues remaining to be determined by a jury. We merely identify these two factual issues to demonstrate that reasonable minds could differ. Accordingly, summary judgment for appellee was not appropriate and the assignment of error is sustained.
Judgment reversed and cause remanded.
WALSH, J., concurs.
YOUNG, J., dissents.
[1] A business invitee is a person who comes upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner of the premises.Scheibel v. Lipton (1951), 156 Ohio St. 308, paragraph one of the syllabus.