ACCELERATED DOCKET
 JOURNAL ENTRY AND OPINION
This is an accelerated appeal under App.R. 11.1. App.R. 11.1 allows for our decision to be in brief, conclusory form. Consequently, this opinion will not contain a "comprehensive exposition of our reasons for affirming the trial court's decision. See Crawford v. Eastland Shopping Mall Assn. (1983),11 Ohio App.3d 158.
Appellant's sole assigned error raises the question whether the trial court erred in granting summary judgment in favor of appellees Riser Foods and Rini Rego Stop-N-Shop when appellees created the hazard from grocery carts brought into the store from the outside snowy sidewalks. The issue for us is whether this case is different from Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203 which held that when it is raining or snowing everyone knows that moisture therefore is likely to be tracked into the area; as such, no duty is owed to an invitee under such circumstances. A property owner is not an insurer of the invitee' s safety. We conclude that Paschal controls the outcome of this case. The trial court correctly granted summary judgment.
Additionally, this court held no duty existed in a slip and fall case when plaintiff claims the carts returned from the parking area to the store brought more water into the store thereby creating a greater hazard. Del Balso v. Fred W. AlbrechtGrocery Co. (March 7, 1991), Cuyahoga App. No. 60144, unreported, 3.
Accordingly, this case is not the same as Baudo v. ClevelandClinic Found. (1996), 113 Ohio App.3d 245. In Baudo, no reason existed for the water being on the floor other than that an employee may have dropped the water while carrying buckets of water from the storage room, located nearby to where appellant fell. Here, it had been snowing; a natural condition for water to be accumulated on the store's floor regardless of how it arrived.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., and LEO M. SPELLACY, J., CONCUR.
 ______________________________ PATRICIA ANN BLACKMON JUDGE