OPINION
This matter presents a timely appeal from a decision rendered by the Mahoning County Common Pleas Court, sustaining the motion for summary judgment filed by defendant-appellee, Sears, Roebuck and Co.
On May 5, 1995, while entering the south entrance of appellee's store, located at the Southern Park Mall in Boardman, Mahoning County, Ohio, plaintiff-appellant, Mary Ann Ohlin, tripped and fell over a floor mat situated immediately inside the entranceway. On May 1, 1997, plaintiffs-appellants, Mary Ann Ohlin and Carl Ohlin, filed a complaint against appellee sounding in negligence and alleging that Mrs. Ohlin suffered personal injuries as a result of her fall. Mr. Ohlin also set forth a claim for loss of consortium.
During her deposition, Mrs. Ohlin explained that she fell because the edge of the floor mat immediately inside the entranceway was rolled up. (Ohlin Depo. 18, 36). Mrs. Ohlin admitted that she was not looking at the floor as she came through the door and first noticed that the mat was not lying completely flat after she fell. (Ohlin Depo. 22). Mrs. Ohlin stated that she felt a lump under the floor mat as she was attempting to traverse the entranceway but, was unable to stop herself from tripping and falling. (Ohlin Depo. 18-22). Mrs. Ohlin conceded that she was unaware of the condition of the floor mat prior to her fall and was likewise unaware of how long the mat had been in such condition or whether appellee's store personnel were aware of its condition. (Ohlin Depo. 31-32, 40-41, 54-55).
Appellants also offered the deposition testimony of Joanne Halaweh, who stated that she had visited appellee's store just days prior to Mrs. Ohlin's fall and had noticed that the corner of the floor mat immediately inside the entranceway which faced Market Street, was rolled up. (Halaweh Depo. 12). Mrs. Halaweh acknowledged that she did not enter appellee's store through the same entrance as Mrs. Ohlin, and was unaware of the condition of the floor mat in the area of the store in which Mrs. Ohlin fell. (Halaweh Depo. 13, 16).
On September 23, 1998, appellee filed a motion for summary judgment, to which appellants responded by filing a motion in opposition. Both parties relied upon the depositions of Mrs. Ohlin and Joanne Halaweh in setting forth their positions with regards to summary judgment. Upon due consideration of the pleadings and depositions presented in this matter, the trial court filed its judgment entry on November 24, 1998, granting summary judgment in favor of appellee. This appeal followed.
Appellants' sole assignment of error on appeal alleges:
 "The Trial Court erred in granting Defendant-Appellee's Motion for Summary Judgment."
Appellants contend genuine issues of material fact remain as to whether appellee had constructive knowledge that the floor mat inside its entranceway was unreasonably dangerous or defective and whether appellee took adequate precautions to remove this hazardous condition or to warn its customers of its presence.
Appellee responds that appellants cannot produce any evidence to establish a genuine issue of material fact as to whether the floor mat in question was rolled up before Mrs. Ohlin fell. Appellee contends that even assuming arguendo that the floor mat was in a defective condition prior to Mrs. Ohlin's fall, appellants cannot provide any facts which establish that appellee had knowledge of its defective condition. Finally, appellee submits that even assuming arguendo that the floor mat was in a defective condition prior to Mrs. Ohlin's fall, appellee's duty of ordinary care to Mrs. Ohlin was discharged because the danger was open and obvious.
In determining whether a trial court has properly granted summary judgment, a court of appeals must conduct a de novo
review of the record. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. Summary judgment is governed by Civ.R. 56(C), which states, in pertinent part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."
Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made.Welco Industries, Inc. v. Applied Companies (1993), 67 Ohio St.3d 344,346; Civ.R. 56(C).
The Ohio Supreme Court in Dresher v. Burt (1996), 75 Ohio St.3d 280, held that a moving party cannot discharge its initial burden under Civ.R. 56 simply by making conclusory assertions that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support its claims.
The Ohio Supreme Court in Dresher, supra further held that once the moving party has met its initial burden, the nonmoving party must then produce any evidence for which such party bears the burden of production at trial.
A business owner owes business invitees a duty of ordinary care to maintain the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. However, a business owner is under no duty to protect business invitees from dangers "which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Paschal, supra at 203-204.
In order for a plaintiff to recover damages from a slip and fall accident as a business invitee, the following must be established:
 "1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 "2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 "3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." Combs v. First National Supermarkets, Inc. (1995), 105 Ohio App.3d 27, 29 (citing Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584, 589.
As such, if a plaintiff proves that the defendant or its employees created the dangerous condition, the plaintiff does not have to show that the defendant had knowledge of the dangerous condition. Baudo v. Cleveland Clinic Foundation (1996), 113 Ohio App.3d 245,247-248.
In cases which were factually analogous to the one at bar, this court has found summary judgment in favor of the business owner to be inappropriate.
In Barlow v. Thorne Foods, Inc. (June 20, 1985), Carroll App. No. 505, unreported, the plaintiff fell over a piece of carpet located inside the entrance to the store. There were no eyewitnesses to this incident and the plaintiff testified during her deposition that her foot caught the carpet and she was unable to hold onto the rail to keep from falling. The plaintiff also indicated that she was unable to describe the position or condition of the carpet prior to her fall but recalled the carpet being turned up afterwards. In reversing the trial court's award of summary judgment, we found that a genuine issue of material fact remained as to whether the floor mat was an unreasonably dangerous condition or defect. This was so despite the fact that the plaintiff had shopped in the store numerous times over the years.
More recently, this court decided Schuley, et al. v.Consolidated Stores Corp., et al. (Mar. 24, 2000), Mahoning App. No. 98-C.A.-138, unreported, wherein the plaintiff immediately tripped on a rug that had become wedged under the door while trying to pass through the business owner's entranceway. The plaintiff conceded during her deposition that she had not looked down at the rug prior to tripping over it but rather, had observed the rug wedged under the door only after having tripped. The plaintiff was unable to say whether opening the door caused the rug to become wedged underneath or whether the rug was wedged under the door prior to her attempt to enter the store. We concluded that there remained a genuine issue of material fact as to whether the rug presented an open and obvious danger against which the plaintiff should have protected herself. We further concluded that the trial court erred in granting summary judgment in favor of the business owner as it failed to meet its burden of establishing as a matter of law that it did not create the dangerous condition.
As we found in Schuley, supra, appellee in this case was required to show that reasonable minds could only conclude that Mrs. Ohlin had a reasonable opportunity to discover and inspect the hazard and thereby, should have protected herself against it. In that both appellants and appellee relied upon Mrs. Ohlin's deposition testimony for purposes of summary judgment, we believe that the record falls short of establishing this fact. Mrs. Ohlin explained that she did not see the floor mat before falling and fell immediately upon crossing through the entrance to appellee's place of business. As we stated in Schuley:
 "From this evidence alone, reasonable minds could conclude that appellant had no opportunity to inspect against the hazard, particularly where the rug was situated on the other side of the doorway."
Analogous to Schuley, there was no evidence in the record in the case at bar pertaining to the lighting in appellee's store at the time in question, the color of the rug compared to that of the floor, or whether the rug was clearly visible through the door. While appellant had a duty to exercise reasonable care in entering appellee's store, she was under no duty to look constantly downwards. Texler v. D.O. Summers Cleaners ShirtLaundry Co. (1998), 81 Ohio St.3d 677, 680-681. As we concluded in Schuley, there remains a genuine issue of material fact as to whether or not the floor mat in this case was an open and obvious hazard.
Additionally, similar to the plaintiff in Schuley, appellants alleged in their complaint that appellee created the dangerous condition by its own negligence. As such, in order to prevail on its motion for summary judgment, appellee was required to show that it was not responsible for placing the floor mat in a position where it was foreseeable that said mat would become rolled up inside its entranceway.
The record in this matter does not indicate that appellee presented any evidence with respect to this issue. Consequently, appellee failed to meet its burden of establishing as a matter of law that it did not create the dangerous condition in question. Nothing in the record negates the inference that appellee was responsible for placing the floor mat inside the entranceway to its store. Thereby, appellants were not required to establish that appellee had notice or superior knowledge of the hazardous condition. In such instances, it is not a defendant's lack of notice which is dispositive of the issue but rather, whether it negligently placed the floor mat in such position so as to create a dangerous or hazardous condition. Schuley, supra citing toTandy v. St. Anthony Hosp. (Nov. 29, 1988), Franklin App. No. 88AP-551, unreported.
As previously stated, appellee cannot meet its burden under Civ.R. 56(C) by simply making conclusory assertions that the non-moving party has no evidence to prove its case. Dresher, supra
at 293. Therefore, the trial court erred in granting summary judgment in favor of appellee.
Appellants' sole assignment of error on appeal is found to be with merit.
The judgment of the trial court is reversed and this cause is remanded for further proceedings in accordance with law and consistent with this court's opinion.
Donofrio, J., concurs. Waite, J., concurs.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE