OPINION
Defendant-appellant, the Ohio Valley Mall Company, appeals a jury verdict entered in favor of plaintiffs-appellees, Nancy Jean Rodgers and Robert Rodgers,[1] in the Belmont County Court of Common Pleas.
On November 27, 1993, while appellee was shopping at appellant's mall, she slipped and fell on a puddle of liquid in the concourse area and injured herself. Appellees filed a complaint against appellant on November 22, 1995, alleging negligence and loss of consortium. On January 21, 1998, appellant filed a motion in limine to limit the testimony of appellees' safety expert, Joseph Tuholsky, to the conditions that existed at the time of appellee's fall as opposed to the conditions that existed two to three years later. A jury reached a verdict for appellees on January 27, 1998. On February 10, 1998, the trial court entered judgment on the jury's verdict for appellees for $25,000. This appeal followed.
Due to the inter-related nature of appellant's first two assignments of error, they will be consolidated for review.
Appellant alleges in its first assignment of error that:
 "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTIONS FOR A DIRECTED VERDICT WHERE THE PLAINTIFF, A BUSINESS INVITEE, FAILED TO PRODUCE ANY EVIDENCE AS TO THE PROXIMATE CAUSE OF HER FALL ON DEFENDANT'S PREMISES."
Appellant's second assignment of error states:
 "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTIONS FOR A DIRECTED VERDICT WHERE PLAINTIFF, A BUSINESS INVITEE WHO FELL ON DEFENDANT'S PREMISES, FAILED TO PROVE: 1) DEFENDANT WAS RESPONSIBLE FOR THE SUBSTANCE BEING ON THE FLOOR AND FAILED TO REMOVE IT; OR 2) DEFENDANT KNEW THE SUBSTANCE WAS ON THE FLOOR AND FAILED TO REMOVE IT; OR 3) THE SUBSTANCE HAD BEEN ON THE FLOOR FOR A SUFFICIENT PERIOD OF TIME THAT THE DEFENDANT IS CHARGED WITH KNOWLEDGE AND FAILED TO REMOVE THE SUBSTANCE."
The trial court's standard for granting a directed verdict is set forth in Civ.R. 50(A) (4), which provides:
 "When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
A motion for a directed verdict tests the legal sufficiency of the evidence and therefore presents a question of law, even though in deciding the motion it is necessary to review and consider the evidence. Grau v. Kleinschmidt (1987), 31 Ohio St.3d 84,90; Bishop v. Munson Transp., Inc. (1996), 109 Ohio App.3d 573,576. When reviewing a directed verdict, the court of appeals applies the same standard as that employed by the trial court.Bishop, supra. In reviewing a denied motion for a directed verdict, if the appellate court finds that the nonmovant presented evidence on all elements essential to establish her cause of action, it must affirm the trial court's denial of the motion. Pierce v. Trimble (1995), 101 Ohio App.3d 690, 695.
The essential elements of a negligence cause of action are duty, breach of duty, proximate cause, and damages. Anderson v.St. Francis-St. George Hosp., Inc. (1996), 77 Ohio St.3d 82, 84
(citing Menifee v. Ohio Welding Products, Inc. [1984], 15 Ohio St.3d 75,77). The duty an owner of business premises owes business invitees is a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v.Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. The premises owner is not, however, an insurer of the customer's safety. Id.
In this case, there is no dispute that appellee established the duty and damages elements of her claim. The issues on appeal revolve around breach of duty and proximate cause. In order for a business invitee to show that a premises owner breached this duty of care in a case involving a slip and fall accident, the invitee must show either:
 "1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 "2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 "3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." Combs v. First Natl. Supermarkets, Inc. (1995), 105 Ohio App.3d 27, 29 (citing Johnson v. Wagner Provision Co. [1943], 141 Ohio St. 584, 589)
As such, if a plaintiff proves that the defendant or its employees created the dangerous condition, the plaintiff does not have to show that the defendant had knowledge of the dangerous condition. Baudo v. Cleveland Clinic Found. (1996), 113 Ohio App.3d 245,247-248.
In this case, the hazard or danger complained of is the liquid upon which appellee slipped and fell. At trial, appellees presented no evidence that appellant was directly responsible for the liquid being on the floor where appellee fell. Nor did appellees present any evidence that appellant had actual knowledge of the fact that there was liquid on the floor where appellee fell.
Thus, the only remaining way appellees could demonstrate that appellant breached its duty would have been to show that the liquid had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care. In a similar situation, the Ohio Supreme Court, in Presley v. Norwood
(1973), 36 Ohio St.2d 29, 32-33, observed:
 "Where, as here, injury arises from a `slip and fall' due to a hazardous condition not created by the proprietor or his employees, the rule is clear. In such cases, the plaintiff must show that the defendant had, or in the exercise of ordinary care should have had, notice of the hazard for a sufficient time to enable him, in the exercise of ordinary care, to remove it or warn patrons about it. Anaple v. Standard Oil Co. (1955), 162 Ohio St. 537, 127 N.E.2d 128; Johnson v. Wagner Provision Co.
(1943), 141 Ohio St. 584, 49 N.E.2d 925. * * *
"* * *
 "* * * If a plaintiff cannot show that a defendant had actual knowledge of an existent hazard, evidence as to the length of time the hazard had existed is necessary to support an inference that defendant had constructive notice. In order to support such an inference, the jury must be presented with evidence sufficient to indicate that a dangerous condition has `* * * existed for a sufficient time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.' Johnson, supra, at 584 of 141 Ohio St., at 926 of 49 N.E.2d; 2 Restatement of the Law, Torts 2d, Appendix, 192. See, also, 62 A.L.R.2d 6, at 33 et seq."
Again, appellees presented no evidence sufficient to indicate that the liquid had existed for a sufficient time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.
In sum, appellees presented no evidence to establish any one of the three possible methods of demonstrating a breach of duty in a slip and fall case as required by Combs, supra. Instead, appellees attempt to rest their case, in part, upon a theory that appellant failed to take extra precautionary measures to guard against spills. Appellees' safety expert, Joseph Tuholsky, calculated from appellant's spill log that the area of the mall where appellee fell was accountable for 14 percent of the spills in the mall and less than one percent of the total square footage. Given this fact, Tuholsky opined that this area of the mall was a "high risk" area to shoppers and appellant should have added extra safety precautions to protect shoppers.
Appellees' theory and Tuholsky's testimony in support of that theory illustrate the absence of another essential element of appellees' negligence claim, proximate cause. Conduct is the proximate cause of an injury if the injury is the natural and probable consequence of the conduct. Cascone v. Herb Kay Co.
(1983), 6 Ohio St.3d 155. An injury is the natural and probable consequence of negligent conduct if the injury might and should have been foreseen. Jeffers v. Olexo (1989), 43 Ohio St.3d 140. An injury is foreseeable if a reasonably prudent person, under the same or similar circumstances, would have anticipated that injury to another was the likely result of his conduct. Commerce Industry Ins. Co. v. Toledo (1989), 45 Ohio St.3d 96.
Appellees presented no evidence that any action or inaction on the part of appellant was the proximate cause of appellee's fall. Tuholsky testified repeatedly that appellant was negligent by failing to take certain extra precautionary measures but he never indicated that appellee's fall was the natural and probable consequence of appellant's failure to implement those measures.
In addition, Tuholsky's testimony served only to artificially inflate appellant's duty from one of ordinary care to extraordinary care. Acceptance of this theory would result in making appellant the insurer of the customer's safety. This is not the present state of the law.
Even after construing the evidence most strongly in favor of appellees, we find that appellees failed to present evidence on all the elements essential to establish their cause of action, namely breach of duty and proximate cause. Accordingly, appellant's first and second assignments of error have merit.
Appellant's third and final assignment of error states:
 "THE TRIAL COURT ERRED IN ADMITTING TESTIMONY OF PLAINTIFFS' EXPERT, OVER DEFENDANT'S OBJECTION, WHERE SAID TESTIMONY DOES NOT MEET THE REQUIREMENTS OF RULE 702 OF THE OHIO RULES OF EVIDENCE; PERMITTING SAID EXPERT TO EXPRESS OPINIONS WHEN THE EXPERT VIEWED THE SCENE OF PLAINTIFF'S FALL THREE YEARS LATER, BASING HIS OPINION ON CONDITIONS WHICH HE OBSERVED; EXPRESSING OPINIONS THAT DEFENDANT WAS NEGLIGENT BECAUSE IT DID NOT HAVE PROPER POLICIES AND PROCEDURES IN PLACE TO PROTECT SHOPPERS FROM AN INCREASED RISK OF HARM; AND EXPRESSING OPINIONS ON ISSUES WITHIN THE PROVINCE OF THE JURY AND WHICH WERE NOT EXPRESSED IN TERMS OF PROBABILITY."
Due to our resolution of appellant's first and second assignments of error, appellant's third assignment of error is rendered moot. See App.R. 12(A) (1) (c).
The decision of the trial court is hereby reversed and its judgment vacated.
Cox, J., dissents; see dissenting opinion. Vukovich, J., concurs.
 ____________________ Gene Donofrio, Judge
[1] When referred to together, Nancy Jean and Robert Rodgers will be referred to as appellees. When referred to separately, however, Nancy Jean will be referred to simply as appellee while her husband will be referred to as appellee Robert Rodgers.