OPINION
Plaintiff-appellant, Wanda Myers, appeals a decision of the Clermont County Court of Common Pleas, granting summary judgment in favor of defendant-appellee, Jamar Enterprises, d.b.a. Amelia Cleaning Center. The judgment of the trial court is affirmed.
Jamar Enterprises owns the Amelia Cleaning Center, which includes a Laundromat, dry cleaner and car wash. On May 24, 1996, appellant was a patron of the Laundromat at the Amelia Cleaning Center. She had been going to the Laundromat once or twice a month for approximately six months and had always found the premises to be well maintained. However, on this particular day, appellant encountered a puddle of water standing in the restroom doorway. Without noticing the water on the floor, she stepped into it, slipped and fell. She struck the door and fell on her knees. Appellant had not encountered any signs warning of the wet floor as she approached the restroom.
Appellant called for help, but no one came to her immediate assistance. She got up, went back into the Laundromat, and again called for help. Lauren Schaupp, the attendant on duty, responded to her request, and helped appellant dry off. When appellant complained about the water on the floor, Schaupp responded that she did not know why the floor was wet, and that no one else had complained about it during the course of her shift. Schaupp then placed a "wet floor" sign near the restroom.
The sign remained in place until Jim Hoover, the maintenance man, mopped up the water and removed the sign. Hoover checked under the sink and did not observe any leaks. Nor did he discover leaks in the toilet or the nearby water fountain and washing machines. As a result, Hoover was unable to ascertain the source of the water. In the days following appellant's fall, Hoover did not discover any more water on the bathroom floor. Marilyn Buskirk, who worked at the Laundromat the next day, and had worked the day prior to the accident, did not observe any water on the floor, any leaks in the restroom, and did not receive any complaints of water on the floor from the Laundromat patrons.
On the day following appellant's fall, Edith Myers, her mother, went to the Laundromat. She observed a rusty coat hanger holding up the drainpipe underneath the restroom sink. She also observed that the baseboards in the restroom were moldy, stained, and discolored. Appellant returned to the Laundromat on May 27, 1996 and observed the same conditions. Her mother returned again on May 30, 1996, observed the same conditions, and took photographs depicting the sink and baseboards.
Jim Suttles, the owner, was informed sometime on or after May 24, 1996, that the restroom sink was leaking. He requested that Gary Schmidt, who had done previous plumbing repairs for the business, make the necessary repairs. Schmidt used coat hanger wire to effect a temporary repair for a day or day and a half until he could procure the parts necessary to make a permanent repair.
Appellant filed suit alleging that she was injured as a direct and proximate result of appellee's negligent maintenance of the premises, appellee's negligent failure to inspect the premises for defects, its negligent failure to repair and/or warn invitees of a dangerous defect on the premises, and its maintenance of a nuisance. Appellee filed a motion for summary judgment contending that it was entitled to judgment as a matter of law. The trial court granted the motion, finding that appellant failed to present evidence of the source of the water or that appellee had knowledge of the hazardous condition that the water created. Appellant appeals this decision, raising a single assignment of error:
 THE TRIAL COURT IMPROPERLY GRANTED DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
Pursuant to Civ.R. 56(C), a court may grant summary judgment where there is no genuine issue as to any material fact. Summary judgment will be granted if reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made.Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346. An issue of fact exists when the relevant factual allegations in the pleadings, affidavits, depositions or interrogatories are in conflict.Link v. Leadworks Corp. (1992), 70 Ohio App.3d 735, 741. A dispute of fact is "material" if it affects the outcome of the litigation, and is "genuine" if demonstrated by substantial evidence going beyond the allegations of the complaint. Burkes v. Stidham (1995),107 Ohio App.3d 363, 371.
In deciding whether there is a genuine issue of material fact, the evidence must be construed in the nonmoving party's favor. Hannah v.Dayton Power Light Co. (1998), 82 Ohio St.3d 482, 485. Further, "the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion."Id., citing Turner v. Turner (1993), 67 Ohio St.3d 337, 341,617 N.E.2d 1123. In determining whether the plaintiff demonstrated the elements of the claim, an appellate court must conduct a de novo review of the record to determine if summary judgment was appropriate. Jonesv. Shelly Co. (1995), 106 Ohio App.3d 440, 444.
To avoid summary judgment in a negligence action, a plaintiff must show: (1) the defendant owed her a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75, 77. It is undisputed that appellant was a business invitee for all purposes pertinent to this appeal. An owner or occupier of premises owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. However, a business is not required to protect an invitee against all injuries or accidents that may occur while on the business property or to insure the invitee's safety. Id.
 In order for a plaintiff to recover damages for a slip and fallaccident as a business invitee, the plaintiff-invitee must also establishthat the business breached its duty of care. This may be demonstrated byevidence indicating:
 1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn was attributable to a want of ordinary care.
Boswell v. Hyper Shoppes (Nov. 23, 1998), Clermont App. No. CA98-06-049, unreported at 5-6, citing Baudo v. Cleveland Clinic Found. (1996),113 Ohio App.3d 245, 248. The standard for determining sufficient time to enable the exercise of ordinary care requires evidence of how long the hazard existed. Combs v. First Natl. Supermarkets, Inc. (1995),105 Ohio App.3d 27, 30. Thus, evidence of how long the hazard existed is mandatory in establishing a duty to exercise reasonable care. Id.
Viewing the underlying facts in a light most favorable to appellant, we conclude that there does not exist any genuine issue of material fact. Appellant did not present evidence of the length of time that the water was on the floor or its origin. Although appellant presented evidence that the restroom sink had been repaired at some point on or after the date of her fall, that fact does not lead to an inference that appellee had sufficient time to take notice of the hazard. Nor does the evidence indicate that appellee had any reasonable opportunity to remove the water or warn customers of the potential danger. No issue of material fact exists as to whether appellee had constructive notice about the water which caused appellant's injuries, and appellant's claim cannot survive the summary judgment motion. Appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.