I respectfully dissent from the majority opinion's disposition of this appeal, since a de novo review of the evidence presented demonstrates appellee was not entitled to summary judgment on appellant's negligence claim.
Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280. The moving party, therefore, is required to sustain its burden affirmatively to show the nonmoving party has no evidence to support the essential elements of his or her claim. Id. This court in turn is required to construe the evidence presented by appellee and appellants in a light most favorable toappellants. Civ.R. 56(C). I believe the majority opinion does not do so.
The owner of a business premises owes a duty to its invitees to maintain the premises in a reasonably safe condition and to warn the invitee of any latent defects. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. Liability thus is predicated on the business premises' owner's superior knowledge of a condition that can cause injuries to its customers. Baudo v. Cleveland Clinic Foundation (1996),113 Ohio App.3d 245.
Appellee's motion for summary judgment in this case was supported by neither affidavits nor an expert report with regard to the conditions existing on its premises, but only by appellant McCann's deposition testimony and responses to appellee's interrogatories.
Appellants subsequently opposed the motion by providing several affidavits which, when construed in a light most favorable to them, indicated the following: 1) the newer tile surface of the steps and landing of the dining car platform appellee had installed on its premises was "extremely slippery"; 2) this condition became exacerbated by "tracked-in water"; 3) appellant William McCann had slipped on "water" that had been "tracked-in"; 4) other customers had slipped and fallen on the same surface; therefore, 5) appellee had notice of the slippery condition.
The foregoing evidence demonstrates genuine issues of material fact remain concerning both whether appellee breached its duty of care to appellant William McCann and whether his injuries proximately were caused by appellee's maintenance of its premises. Id.; Sadey v. MetromediaSteakhouses Co. (July 15, 1998), Cuyahoga App. No. 74178, unreported;LaPonza v. Sears, Roebuck Co. (June 28, 1990), Cuyahoga App. No. 58578, unreported. Appellee thus failed to sustain its burden to prove appellants had no evidence to support an essential element of their claim. Consequently, summary judgment for appellee was improper.
I accordingly would sustain appellants' assignment of error, reverse the trial court's order, and remand this case for further proceedings.