[Cite as *Venneri v. Glassman*, 2013-Ohio-560.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ELAINE VENNERI, ET AL., | ) | |
| | ) | |
| PLAINTIFFS-APPELLANTS. | ) | |
| | ) | |
| V. | ) | CASE NO. 12 MA 73 |
| | ) | |
| MARC GLASSMAN, INC. | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 11CV1037

JUDGMENT:    Affirmed

APPEARANCES:
For Plaintiffs-Appellants    Atty. Robert J. Rohrbaugh II
4800 Market St., Suite A
Boardman, Ohio 44512

For Defendant-Appellee    Atty. Marshall D. Buck
100 Federal Plaza E., Suite 926
Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: February 14, 2013

DONOFRIO, J.

{¶1} Plaintiff-appellant, Elaine Venneri, appeals from a Mahoning County Common Pleas Court judgment granting summary judgment in favor of defendant-appellee, Marc Glassman, Inc., on her slip-and-fall complaint.

{¶2} On April 17, 2009, appellant entered Marc's, a retail store owned by appellee. She carried a small plant from outside with her. Appellant was in the process of retrieving a shopping cart when she slipped and fell. Appellant stated that she slipped and fell on a green plant stem. Appellant claimed that she was injured as a result of the fall.

{¶3} Appellant subsequently filed a negligence complaint against appellee alleging appellee breached the duty of care owed to her as a business invitee to provide a reasonably safe condition in the store. The complaint also contained a loss of consortium claim by appellant's husband, Louis Venneri.

{¶4} After taking appellant's deposition, appellee filed a motion for summary judgment alleging no genuine issue of material fact existed and it was entitled to judgment as a matter of law. It asserted that any dangerous condition on the floor was open and obvious and there was no evidence as to who caused the plant stem to be on the floor, how long it was there, or that any employee knew of it.

{¶5} The trial court granted appellee's motion. It found that the evidence was that appellant did not know who caused the plant stem to be on the floor, did not know how long the plant stem was on the floor prior to her fall, and was not aware that any store employee knew of the plant stem and failed to clean it up.

{¶6} Appellant filed a timely notice of appeal on April 11, 2012.

{¶7} Appellant raises a single assignment of error, which states:

THE TRIAL COURT COMMITTED ERROR IN SUSTAINING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

{¶8} Appellant argues that the trial court should not have granted summary judgment to appellee because a factual dispute existed as to whether she slipped over a stem from her own plant or whether she slipped on debris already present on

the floor. She contends that had the trial court viewed the evidence in the light most favorable to her, as it was required to do, it should have found that summary judgment was not appropriate in this case.

{¶9} In reviewing a trial court's decision on a summary judgment motion, appellate courts apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.*, 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (7th Dist.1998). Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Flemming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶10} A negligence claim requires the plaintiff to prove: (1) duty; (2) breach of duty; (3) causation; and (4) damages. *Anderson v. St. Francis-St. George Hosp., Inc.*, 77 Ohio St.3d 82, 84, 671 N.E.2d 225 (1996).

{¶11} In this case, appellant was appellee's business invitee. Generally, a premises owner owes a business invitee a duty to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition. *Presley v. Norwood*, 36 Ohio St.2d 29, 31, 202 N.E.2d 81 (1973); *Light v. Ohio University*, 28 Ohio St.3d 66, 67, 502 N.E.2d 611 (1986). In order for a business invitee to show that a premises owner breached its duty of care in a case involving a slip and fall accident, the invitee must show one of the following:

1. That the defendant through its officers or employees was responsible for the hazard complained of; or

2. That at least one of such persons had actual knowledge of the

hazard and neglected to give adequate notice of its presence or remove it promptly; or

3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.

*Combs v. First Natl. Supermarkets, Inc.*, 105 Ohio App.3d 27, 29, 663 N.E.2d 669 (8th Dist.1995), quoting *Johnson v. Wagner Provision Co.*, 141 Ohio St. 584, 589, 49 N.E.2d 925 (1943). Additionally, if a plaintiff proves that the defendant or its employees created the dangerous condition, the plaintiff does not have to show that the defendant had knowledge of the dangerous condition. *Baudo v. Cleveland Clinic Found.*, 113 Ohio App.3d 245, 247-248, 680 N.E.2d 733 (8th Dist.1996).

**{¶12}** However, a business owner does not owe invitees a duty to warn of dangers that are open and obvious. *Armstrong v. Best Buy Co. Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶5. "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Id.* at the syllabus. That is because the owner may reasonably expect those entering the property to discover the dangers and take appropriate measures to protect themselves. *Simmers v. Bentley Constr. Co.*, 64 Ohio St.2d 642, 644, 597 N.E.2d 504 (1992).

**{¶13}** In light of the above law, we must consider the evidence in this case. The only evidence comes from appellant's deposition.

**{¶14}** Appellant stated that she shops at Marc's at least once a week. (Dep. 10). She stated that the lighting in the store is okay and she has never had any trouble seeing where she was going in the store. (Dep. 12). On the day she fell, appellant stated that the lighting was good and adequate for her to see. (Dep. 17). Additionally, the floor was cream-colored and appeared clean. (Dep. 17).

**{¶15}** Appellant stated that she walked into the store and went to get a "buggy." (Dep. 19). When she pulled the buggy out, she slipped and "went down with the buggy." (Dep. 19). Appellant stated that a green leaf from a flower caused

her to fall. (Dep. 20). Although she did not remember it at her deposition, in the incident report that she filled out the day of her fall, appellant stated that she was carrying a small plant from outside. (Dep. 21-23; Ex. A). Also in the incident report, appellant stated that she slipped on a "stem green from plant." (Ex. A). Appellant stated that the stem was ten to twelve inches long. (Dep. 25). As appellant walked into the store, she did not see any green stems on the floor. (Dep. 25). Appellant stated that if there was something twelve inches long on the floor, chances are, she would have seen it. (Dep. 29). Appellant did not know how long the stem had been on the floor and did not know if any store employee was aware that the stem was on the floor. (Dep. 29).

{¶16} The trial court granted appellee summary judgment because it found appellant did not know who caused the plant stem to be on the floor, did not know how long the plant stem was on the floor prior to her fall, and was not aware that any store employee knew of the presence of the plant stem on the floor and failed to clean it up. There is no evidence to contest these findings.

{¶17} Summary judgment was proper in this case, both for the reasons given by the trial court and because the plant stem was an open and obvious danger.

{¶18} Construing the evidence in the light most favorable to appellant, as we are required to do, does not create a genuine issue of material fact as to whether the plant stem was an open and obvious danger. Appellant stated that she shops at Marc's at least once a week. Thus, she is familiar with the store. According to appellant, on the day in question the store was well lit and adequate for her to see. Marc's floor is cream-colored and was clean on the day of her fall. The plant stem that appellant allegedly slipped and fell on was green and was ten to twelve inches long. A ten-to-twelve-inch-long, green plant stem lying on a clean, cream-colored floor in a well-lit store would be open and obvious for anyone to see.

{¶19} It is important to note that the plaintiff need not actually observe the alleged dangerous condition in order for it to be an open and obvious condition under the law. *Lydic v. Lowe's Companies, Inc.*, 10th Dist. No. 01AP-1432, 2002-Ohio-

5001, ¶10. Instead, "the determinative issue is whether the condition is observable." *Id*. In this case, the evidence can only be construed in such a way that the condition was observable.

**{¶20}** Appellant claims a genuine issue of material fact exists as to whether the plant stem fell from the plant she was carrying or whether it was already on the floor. But while this may be an issue of fact, it is not a genuine issue of *material* fact so as to preclude summary judgment. If the stem fell from the plant appellant carried with her, then appellee would not have had a duty to warn appellant of any danger because the dangerous stem would have fallen from appellant's plant just seconds before she fell and appellant would be the first to have knowledge of this. And if the stem was on the floor prior to appellant approaching the shopping cart area, then, as discussed above, it would have been an open and obvious danger. Thus, whether the plant stem fell from appellant's plant or was already on the floor does not create a genuine issue of material fact. Summary judgment was proper under either factual scenario.

**{¶21}** Accordingly, appellant's sole assignment of error is without merit.

**{¶22}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J.,

DeGenaro, P.J.,

APPROVED:

_____
Gene Donofrio, Judge