**DETRICK et al., Appellants,**

**v.**

**COLUMBIA SUSSEX CORPORATION, INC. et al., Appellees.**

[Cite as *Detrick v. Columbia Sussex Corp., Inc.* (1993), 90 Ohio App.3d 475.]

Court of Appeals of Ohio,
Clark County.

No. 3008.

Decided Sept. 24, 1993.

*Thomas E. Skilken,* for appellants.

*Scott G. Oxley,* for appellees.

---

GRADY, Presiding Judge.

This is an appeal by plaintiffs from a summary judgment dismissing their slip-and-fall complaint against the defendants, who own and operate a Holiday Inn in Springfield, Ohio.

On July 25, 1989, plaintiff Rebecca S. Detrick entered defendants' motel to use the pay telephones there. The trial court found that she entered as a business invitee, and this is not disputed.

After using the telephone, Detrick walked into the motel's women's restroom, which is near the telephones and is open to the public. She used one of the toilets there. As she walked from the toilet stall she slipped and fell to the floor. Her fall produced neck and back injuries that are the subject of her claim.

Detrick stated by deposition that, though she saw no condition on the floor that could have caused her to fall, when she examined her dress afterward she discovered the mark of a greasy and slippery substance bearing the imprint of the tile floor of the restroom. She attributes her slip and resulting fall to the substance.

Construing the foregoing evidence most strongly in favor of the plaintiffs, as Civ.R. 56(C) requires, it may reasonably be inferred that Detrick slipped on the substance later found on her dress. The further issue is whether these defendants are liable for her injuries. They are liable if the condition that caused Detrick to fall was there as a proximate result of their negligence.

A business owner owes an invitee a duty of ordinary care and must maintain the business premises in a reasonably safe condition so that invitees are not unnecessarily and unreasonably exposed to danger. *Campbell v. Hughes Provision Co.* (1950), 153 Ohio St. 9, 41 O.O. 107, 90 N.E.2d 694. Whether an owner has breached that duty depends on the owner's knowledge of the hazard and opportunity to remove it or warn of it. *Anaple v. Standard Oil Co.* (1955), 162 Ohio St. 537, 55 O.O. 424, 124 N.E.2d 128. Whether the owner acted with reasonable care under the circumstances is a question of fact for the jury. *Keister v. Park Centre Lanes* (1981), 3 Ohio App.3d 19, 3 OBR 20, 443 N.E.2d 532.

We addressed a similar issue of liability in *Gregg v. Kroger Co.* (Apr. 19, 1991), Champaign App. No. 90 CA 12, unreported, 1991 WL 64985:

"The course of commerce will bring many persons into a retail business establishment. If one of those persons creates a condition on the premises dangerous to others, the business owner or operator is not liable to invitees injured as a result unless the owner had, or in the exercise of ordinary care should have had, notice of the condition for a sufficient time to enable him, in the exercise of ordinary care, to remove the hazard or warn his patrons about it. *Presley v. Norwood* (1973), 36 Ohio St.2d 29 [65 O.O.2d 129, 303 N.E.2d 81]. *Anaple v. Standard Oil, supra. Johnson v. Wagner Provision Co.* (1943), 141 Ohio St. 584 [26 O.O. 161, 49 N.E.2d 925]. *Keister v. Park Centre Lanes, supra.* Stated otherwise, proof of actual or constructive notice is necessary to establish liability.

"If a dangerous condition on the premises is created by the operator or his employees, a different rule pertains. Proof that the operator or his employees created the condition is proof that he had notice of it. *Fox v. Ben Schechter & Co.* (1937), 57 Ohio App. 275 [9 O.O. 101, 13 N.E.2d 730]." *Id.* at 6.

The theory adopted by the plaintiffs is that Detrick slipped on a soapy residue or substance left on the floor by the defendants' employee when she cleaned the women's restroom earlier that day. The trial court granted summary judgment for the defendants, finding "that evidence sufficient to support the inference that defendant[s] placed the substance on the floor is non-existent and therefore insufficient."

The plaintiffs presented the affidavit of Larry M. Dehus, an expert in biochemistry and forensic testing, who opined that the substance found on Detrick's dress contained a surfactant and a detergent and that the dress had been "in contact with an aqueous-based cleaning material that was on a ceramic tile floor." Dehus stated that the specific cleaning agent used could be identified through further tests of specific products.

Shirley Christine Dillow is employed by the defendants and cleaned the women's restroom earlier in the day that Detrick fell. Dillow testified that the sinks and stalls are located in separate areas, and that she uses the same cleaning liquid on both. The cleaner is sprayed from a bottle and then wiped away with a cloth. Dillow then mops the entire area to remove any residue remaining. When more liquid handsoap is required at the sinks, Dillow removes the empty handsoap dispenser, discards it, and replaces it with a new one. She did not do so on the date of the accident. Dillow testified that no soap or water remained on the floor after she cleaned it that day.

The defendants point to evidence in Detrick's own statements which supports a conclusion that the substance on which she slipped was more likely handsoap than the cleaner used by Dillow. They argue that in its particular location, away from the sinks, the handsoap was more likely dropped by a user of the restroom than by their employee. In that event, plaintiffs would be required to show evidence of constructive notice.

In order to establish liability, one must infer that the substance on which Detrick slipped was negligently left on the floor by the defendants' employee in the course of her cleaning work. The proof may be direct or circumstantial. In this case it is necessarily circumstantial.

Proof that the defendants' employee was in the restroom earlier and had cleaning products similar to that which may have caused Detrick to slip and fall supports an inference that the employee allowed some cleaning product to fall to the floor and remain there. That inference is neither inescapable nor necessary, but on these facts it is reasonably made. Therefore, because genuine issues of material fact remain for determination, we conclude that the trial court erred when it granted summary judgment to the defendants.

The assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

WOLFF and FAIN, JJ., concur.