OPINION
Plaintiffs, David and Lillie White, appeal from a summary judgment entered in favor of Wal-Mart Stores on Plaintiffs' claims for personal injuries and loss of consortium. David White was injured when he slipped and fell inside a Wal-Mart store after picking up a prescription from the store's pharmacy.
At about noon on April 29, 1996, David White went to the Wal-Mart store on Salem Avenue in Dayton to pick up a prescription and some flowers. It was raining. White entered the store through the lawn and garden department. He noticed that there were rugs on the floor and signs indicating that the floor was wet.
After he picked up his prescription and while he was leaving the store, White fell near the intersection of a side and main aisle. He was yet near the pharmacy, which was closer to the entrance at the front of the store than the entrance through the lawn and garden department. White tore a rotator cuff. After the fall, White noticed water on the floor, but there were no signs indicating the presence of water in that area. In his deposition, White stated that he did not know how long the water had been on the floor.
White brought this action against Wal-Mart, alleging that there was a slippery substance on the store's floor and that Wal-Mart had negligently allowed the substance to remain on the floor. The trial court granted Wal-Mart's motion for summary judgment, stating:
 Plaintiff has proffered no evidence, either direct or circumstantial, as to the length the time the water had been on the floor in the pharmacy area prior to Plaintiff's fall. As such, there is no genuine issue of material fact regarding Defendant's assertion that Plaintiff has not proved either actual or constructive notice of the water on he floor in the pharmacy area which would justify recovery for Plaintiff in the case sub judice. Defendant is therefore entitled to judgment as a matter of law.
 The Plaintiff's first appeal was dismissed on August 20, 1998, for lack of a final appealable order. The trial court entered an agreed judgment, stating that the order sustaining Wal-Mart's motion for summary judgment was a final appealable order. Plaintiffs have now timely appealed, presenting two assignments of error.
 FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN THAT IT MISAPPLIED THE LAW WITH RESPECT TO THE DUTY DEFENDANT OWES A BUSINESS INVITEE.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT THERE WAS NO GENUINE ISSUE OF MATERIAL FACT.
Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
In ruling on a motion for summary judgment the court must consider the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations, if any, timely filed in the action." Civ.R. 56(C). All such evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Morris v. First National Bank Trust Co. (1970), 21 Ohio St.2d 25.
In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. Osborne v. Lyles (1992),63 Ohio St.3d 326. "Because a trial court's determination of summary judgment concerns a question of law, we apply the same standard as the trial court in our review of its disposition of the motion; in other words, our review is de novo." Am. States Ins. Co. v.Guillermin (1996), 108 Ohio App.3d 547, 552.
An owner or operator of a business premises owes a duty of ordinary care to protect those whom he invites into his business as customers from harm arising from a hazardous condition that exists there. See Paschal v. Rite Aid Pharmacy (1985), 18 Ohio St.3d 203,203. To discharge that duty, he must either remove the condition or warn his customers of its existence to allow them to protect themselves. However, and because the risk of harm that might befall an invitee must be foreseeable to the owner or occupier, he is liable for harm resulting from the failure to take such remedial steps only when he created the condition, knew of the condition, or should have known of it. Johnson v. WagnerProvision Co. (1943), 141 Ohio St. 584, syllabus. Detrick v.Columbia Sussex Corp., Inc. (1993), 90 Ohio App.3d 475.
There is no evidence that Wal-Mart created the condition that caused White to slip and fall or that Wal-Mart actually knew of it. White argues that Wal-Mart should have known of its existence, suggesting that it was water that customers had tracked in from the rain falling outside at the time. On this record, that assertion is subject to three defects.
First, there is no evidence, direct or circumstantial, that rain was the source of the water on which White slipped and fell. Because of its distance from the outer doors, it could reasonably have had a different source. We are required to construe the evidence most strongly in favor of the party against whom a motion for summary judgment is made, but we may not speculate on that basis.
Second, if rain was its source, the hazard it presented was open and obvious and White had an opportunity to anticipate that it would be there that was equal to Wal-Mart's. See Sidle v.Humphrey (1968), 13 Ohio St.2d 45, syllabus. In that event, Wal-Mart is not liable.
Third, the nature and circumstances of the condition's existence do not support a conclusion that it had existed long enough for Wal-Mart to discover it.
 Actual notice can be established by, for example, proving that people have previously complained about the defect to the municipal authority in charge of its maintenance. Constructive notice, on the other hand, entails a more elaborate proof. It requires the plaintiff to demonstrate that the nuisance existed in such a manner that it could or should have been discovered, that it existed for a sufficient length of time to have been discovered, and — presuming it had been discovered — it would have created a reasonable apprehension of potential danger.
The first element of constructive notice, whether the defect could and should have been discovered, mandates an overt consideration. It emphasizes the physical characteristics of the defect and the surrounding area. Factors such as location, size, and nature of the defect as well as whether it was readily apparent or obscured should be visited in making this determination.
The physical evidence must not only permit the inference that the defect existed long enough for it to have been discovered and corrected, but also that such an inference is more reasonable than any other. It is not sufficient that the physical evidence permits such an inference when it also equally permits the inference that it had not been there for any length of time.Hobson v. City of Dayton (Sept. 20, 1996), Mont. App. No. 15497, unreported (citations omitted).
On that basis, the condition could have existed for some time, or it might have come into being moments before White slipped and fell on it. In order to prove liability, White must prove the former proposition; otherwise, the finding would be speculative. White has no such evidence, and the trial court properly applied relevant case law in granting Wal-Mart's motion for summary judgment.
Having overruled David's two assignments of error, the judgment of the trial court is affirmed.
WOLFF, J., and YOUNG, J., concur.