OPINION
This case arises from a slip and fall incident that occurred on August 24, 1994. On that date, Marcia Curtis and her ten-year old daughter, Marquitta Curtis, were buying groceries in Schear's Metro Market in Dayton. After entering the store, the Curtises noticed a man operating a floor polisher or buffer in the rear store aisle. The Curtises proceeded along the rear aisle of the store toward the dairy section. As they reached the dairy case, Marcia asked her daughter to get a gallon of milk. Marquitta retrieved the milk and placed it in the shopping cart. Marquitta then slipped and fell.
The Curtises filed suit against Schear's on January 27, 2000 for injuries sustained by Marquitta as a result of the slip and fall accident. Following discovery, Schear's filed a motion for summary judgment. The Curtises filed a response opposing the motion, and Schear's filed a memorandum in reply. Between the filing of the response and the reply, the case was submitted to a panel of three arbitrators who returned a verdict in favor of Schear's. The Curtises filed a notice of appeal of the arbitration verdict. The trial court rendered summary judgment in favor of Schear's. The Curtises timely appealed bringing the following as their sole assignment of error:
 THE TRIAL COURT ERRED BY DETERMINING THAT APPELLANTS FAILED TO PRESENT EVIDENCE SUFFICIENT TO CREATE A GENUINE ISSUE OF FACT ON THE ISSUE OF WHAT MARQUITTA CURTIS SLIPPED ON.
We begin by noting that our review of summary judgment is de novo. Long v. Tokai Bank of California (1996), 114 Ohio App.3d 116, 119. Under established standards, summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370. With this standard in mind, we turn to the Curtises' claim that summary judgment was improper.
There is no dispute that the Curtises were business invitees. "Business invitees are persons who enter the premises of another for a purpose that is beneficial to the owner." Jones v. Sears, Roebuck Co., Inc. (Oct. 19, 1994), Montgomery App. No. 14528, citation omitted. "[S]tore owners owe invitees `a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger'." Id., citation omitted. "To prevail in a case where the plaintiff has allegedly slipped on a foreign substance on the floor of the defendant's premises, the plaintiff bears the burden of showing: (1) that the defendant through its officers or employees was responsible for the hazard complained of; or (2) that at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or (3) that such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or to remove it was attributable to a want of ordinary care." Id., citations omitted. Additionally, the plaintiff must be able to identify the reason for the fall. Stamper v. Middletown Hosp. Assn. (1989), 65 Ohio App.3d 65, 68.
In this case, the evidence adduced before the trial court consisted of the depositions of Marcia and Marquitta, as well as an affidavit submitted by an employee of Schear's. Based upon its review of the evidence, the trial court found that the plaintiffs had failed to establish the cause of Marquitta's slip and fall. The trial court further found that the plaintiffs had failed to show that Schear's was responsible for the alleged hazardous condition, or that it had actual knowledge of the condition, or that the condition had existed long enough that Schear's had a duty to warn against it.
The facts in this case are similar to those in Detrick v. Columbia Sussex Corp., Inc. (1993), 90 Ohio App.3d 475. In Detrick, a plaintiff brought suit for injuries suffered as a result of a fall she suffered in a business restroom. Id. at 476. The trial court rendered summary judgment against the plaintff. Id. This court noted that although the plaintiff testified that she saw no condition on the floor that could have caused her fall, she did discover the "mark of a greasy and slippery substance" on her dress after the fall. Id. In reversing the trial court's decision, we stated that one may reasonably infer that the plaintiff slipped on the substance found on her dress. Id. at 477. We further stated that:
 In order to establish liability, one must infer that the substance on which Detrick slipped was negligently left on the floor by the defendants' employee in the course of her cleaning work. This proof may be direct or circumstantial. In this case it is necessarily circumstantial.
 Proof that the defendants' employee was in the restroom earlier and had cleaning products similar to that which may have caused Detrick to slip and fall supports an inference that the employee allowed some cleaning product to fall on the floor and remain there. That inference is neither inescapable nor necessary, but on these facts it is reasonably made.
Id. at 478.
Here, both Marcia and Marquitta testified that, while they were shopping, they observed a man running a buffer on the store floor. In her deposition, Marquitta testified that she slipped on the floor which had just been waxed. At first, Marquitta testified that she did not know what she had slipped on, but she further testified that she believed the substance to be wax. She further testified that there was a puddle on the floor beside her which she assumed was wax. Marcia testified that, after the fall, she noticed a wet substance on the floor which had dampened the leg on the pants Marquitta was wearing. When asked if she was able to ascertain what the liquid was, Marcia testified that it was wax. Schear's submitted the affidavit of Miriam Joseph, who, at the time of the subject incident, was Director of Personnel at Schear's. In her affidavit, Ms. Joseph indicated that Schear's employed an independent contractor to periodically wax and buff the floors of its store premises.
Construing the evidence most strongly in favor of the plaintiffs, it may reasonably be concluded that the floors at Schear's were being waxed and buffed by the independent contractor which Schear's had hired. Also, it may reasonably be inferred that Marquitta slipped on the substance later found on her pants which Marcia identified as wax. Furthermore, although the person waxing and buffing the floor was an independent contractor and not an employee of Schear's, we conclude that the mere fact that Schear's hired him to wax and buff the floor is enough to raise a reasonable inference that Schear's had notice of the dangerous condition. While these inferences are not "inescapable or necessary", they may be reasonably made by a jury. Therefore, we find the plaintiffs have established the existence of a genuine issue of fact for determination by a jury. The judgment of the trial court is reversed and remanded for further proceedings.
 _____________________ FREDERICK N. YOUNG, J.
FAIN, J. and GRADY, J., concur.