OPINION
Plaintiff, Bobbie Sue Middleton-Peed, appeals from a summary judgment entered in favor of Defendant, Dayton Foods Limited Partnership, on Plaintiff's claims for personal injury.
At approximately 10:00 p.m. on June 27, 1998, Middleton-Peed was shopping at the Cub Foods store on Springboro Pike in Miamisburg. The store is owned and operated by Dayton Foods Limited Partnership ("Dayton Foods"). While Middleton-Peed walked through the produce department, she stepped on a cherry, slipped, and fell to the ground. Middleton-Peed claims that she suffered injuries to her back, knee, and ankle as a result of the fall.
The cherries at the store were displayed in a loose or unpackaged fashion. Honeycombed "grape mats" placed in front of the cherry display had been removed to permit an overnight cleaning crew to clean the floors. The store manager conducted a "floor sweep" of the produce section shortly before 10:00 p.m., and found that the mats had been removed and the area where Middleton-Peed fell was clean, without debris.
On June 22, 2000, Middleton-Peed commenced this action against Dayton Foods, alleging that Dayton Foods negligently caused the cherry to fall or allowed the cherry to remain on the floor, resulting in her injuries. On December 14, 2000, Dayton Foods filed a motion for summary judgment. On March 13, 2001, the trial court granted the motion for summary judgment, finding that Middleton-Peed had failed to preserve a genuine issue of material fact and that Dayton Foods was entitled to judgment as a matter of law.
Middleton-Peed filed timely notice of appeal, presenting one assignment of error.
 THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN THAT APPELLEE'S GENERAL KNOWLEDGE OF A HAZARDOUS CONDITION CREATED BY ITS OWN METHOD OF OPERATION AND THE AFFIRMATIVE REMOVAL OF THE ONLY SAFEGUARD PRESENT TO PROTECT INVITEES AGAINST THAT HAZARDOUS CONDITION IS SUFFICIENT EVIDENCE FOR A JURY TO CONCLUDE THAT APPELLEE HAD CONSTRUCTIVE KNOWLEDGE OF ITS EXISTENCE AND WAS, THEREFORE, NEGLIGENT.
Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
In ruling on a motion for summary judgment the court must consider the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations, if any, timely filed in the action." Civ.R. 56(C). All such evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Morris v. First National Bank Trust Co. (1970),21 Ohio St.2d 25.
In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. Osborne v. Lyles (1992), 63 Ohio St.3d 326. "Because a trial court's determination of summary judgment concerns a question of law, we apply the same standard as the trial court in our review of its disposition of the motion; in other words, our review is de novo." Am. States Ins. Co. v. Guillermin (1996), 108 Ohio App.3d 547, 552.
An owner or operator of a business premises owes a duty to exercise ordinary care to protect those whom he invites into his business as customers from harm arising from a hazardous condition that exists there. Paschal v. Rite Aid Pharmacy (1985), 18 Ohio St.3d 203. To discharge that duty, he must either remove the condition or warn his customers of its existence to allow them to protect themselves. However, and because the risk of harm that might befall an invitee must be foreseeable to the owner or occupier, he is liable for harm resulting from the failure to take such remedial steps only when he 1) created the condition, 2) knew of the condition (actual notice), or 3) should have known of the condition (constructive notice). Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584, syllabus; Anaple v. Standard Oil Co. (1955), 162 Ohio St. 537; Detrick v. Columbia Sussex Corp., Inc. (1993),90 Ohio App.3d 475.
"Actual notice can be established by, for example, proving that people have previously complained about the defect. . . ." Hobson v. City of Dayton (September 20, 1996), Montgomery App. No. 15497, unreported, at **3.
 Constructive notice, on the other hand, entails a more elaborate proof. It requires the plaintiff to demonstrate that the nuisance existed in such a manner that it could or should have been discovered, that it existed for a sufficient length of time to have been discovered, and — presuming it had been discovered — it would have created a reasonable apprehension of potential danger.
Id.
Middleton-Peed argues that Dayton Foods partially created the dangerous condition because by displaying the cherries loose instead of in packages, which allowed the cherry on which she slipped to fall to the floor. In addition, she argues that the placement of honeycombed "grape mats" in front of the cherry display demonstrates that Dayton Foods was aware of the potential harm, and that by removing them Dayton Foods created an increased risk that a patron could fall.
It was the cherry on the floor that presented the actual hazard, not the method by which the cherries were displayed, which created only the potential of that hazard. There is no evidence that Dayton Foods caused the cherry to be on the floor, knew that it was on the floor, or should have known that it was there before Plaintiff's fall.
Neither does removal of the grape mats constitute an act or omission chargeable to Dayton Foods as negligence. An act or omission that substantially increases the risk of an existing harm of which the owner or operator knows or should know may be chargeable as negligence. Gober v. Thomas King, Inc. (June 27, 1997), Montgomery App. No. 16248, unreported. However, the same does not apply when the harm is not existing but only potential. As the cherries were displayed by Dayton Foods, they presented only the potential of the harm that caused Plaintiff's fall. Therefore, removing the mats was not a negligent act or omission chargeable to Dayton Foods.
Accordingly, we agree with the trial court's determination that Middleton-Peed has failed to raise a genuine issue of material fact regarding Dayton Foods' alleged creation of the condition, or their actual or constructive knowledge of it. Therefore, the assignment of error is overruled.
 Conclusion
Having overruled the sole assignment of error presented, the judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.