JOURNAL ENTRY AND OPINION
{¶ 1} David Gavel appeals a decision of the common pleas court granting summary judgment in favor of Performance Auto Wash (Performance). On appeal, he assigns the following as error for our review:
 {¶ 2} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT GRANTED THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE REMAINED GENUINE ISSUES OF MATERIAL FACT REGARDING WHETHER THE APPELLEE HAD CONSTRUCTIVE NOTICE OF THE MISSING GRATE AND THE HOLE IN WHICH THE PLAINTIFF/APPELLANT FELL.
{¶ 3} Having reviewed the arguments of the parties and the pertinent law, we conclude no genuine issue of material fact exists and the trial court properly granted summary judgment in favor of Performance.
{¶ 4} On March 14, 1997, Gavel brought his car to a self-serve car wash owned by Performance located at 7220 Brookpark Rd., Cleveland, Ohio. No employees were present at any of the 10 to 12 washing areas. Gavel testified he exited his vehicle, backed up to close the door, stepped into a hole, and fell to the ground. He further testified a grate that should have been covering the hole was missing.
{¶ 5} In August 2000, Gavel initiated a lawsuit against Performance and John and Jane Doe, seeking damages for personal injuries and lost wages. Subsequently, in March 2001, Performance moved for summary judgment, claiming no genuine issues of material fact existed and summary judgment should be granted in their favor as a matter of law. The trial court agreed and Gavel now appeals.[1]
{¶ 6} On appeal, Gavel argues there is sufficient evidence to establish Performance had constructive notice of the missing grate; therefore, genuine issues of material fact remain to be litigated.
{¶ 7} We review the trial court's granting of summary judgment de novo in accordance with the standards set forth in Ohio Civ.R. 56(C).[2]
{¶ 8} Civ.R. 56(C) states in pertinent part:
 {¶ 9} * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
{¶ 10} Further, the court in Dresher v. Burt[3] stated:
 {¶ 11} * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the non-moving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
{¶ 12} An owner or occupier of land generally owes a duty to business invitees to exercise ordinary care to maintain the premises in a reasonably safe condition.[4] To recover from a premises owner in an action for personal injury due to the owner's negligence, a plaintiff must show that the owner was responsible for the hazard complained of, that he had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly, or that such danger existed for a sufficient length of time to reasonably justify the inference that the failure to warn against it or remove it was attributable to want of ordinary care.[5]
{¶ 13} In Youngerman v. Meijer,[6] the court noted where a store, through its officers or employees, was the creator of a hazardous condition, it is not necessary that the plaintiff produce evidence of notice. However, when the store was not the source of the hazardous condition, the plaintiff must produce evidence that the store had actual or constructive notice of the condition.[7] Constructive notice can be proven by direct or circumstantial evidence.[8] Circumstantial evidence is the proof of certain facts and circumstances from which one may infer other facts which, according to common experience, reasonably follow.
{¶ 14} Performance filed for summary judgment claiming Gavel failed to produce any evidence that it had notice of the missing drain grate or that its absence was the result of the act of a Performance employee. Additionally, Gavel failed to offer any evidence from which a jury could reasonably infer that the condition existed long enough for Performance to have discovered and corrected the problem. In support, Performance directs our attention to Gavel's deposition, in which he testified he had no knowledge as to how long the drain grate had been missing prior to his accident.
{¶ 15} Applying Dresher, we conclude Performance met its initial burden. The burden then shifts to Gavel to prove that there was a genuine factual dispute as to whether Performance created the condition or had notice of it. Despite Gavel's argument that Performance should have had constructive notice of the missing drain grate, he failed to offer evidence of the size or placement of the drain grate, or how long the grate had been missing.
{¶ 16} The length of time sufficient for constructive notice has not been precisely defined.[9] That question is necessarily dependent upon the circumstances of the individual case, such as, the degree of peril created by the condition, the ease with which it could be guarded against or remedied, and the location of the hazard. Nonetheless, proof of constructive notice requires a degree of certainty.[10] Ohio courts will not indulge in speculation and juries may not be allowed to base their decisions purely upon conjecture.[11]
{¶ 17} In Fogle v. Shaffer,[12] the Ohio Supreme Court considered whether one who steps in a hole that could have been easily seen if one had looked, in other words open and obvious, could recover for his or her injuries. The court decided that one could not unless it appeared that reasonable minds could conclude that the plaintiff had reasons to anticipate that there would be no potential danger in stepping, and found that the plaintiff in that case was not entitled to such a conclusion.
{¶ 18} Gavel argues Performance breached its duty of care when Performance failed to have an employee on the premises. We disagree. The issue in this case is appropriately resolved by the law of constructive notice; and since Gavel has not shown that Performance should have known of the hazard, the trial court properly granted summary judgment. Accordingly, we affirm the decision of the court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and ANN DYKE, J., CONCUR.
[1] Gavel dismissed his claims against John and Jane Doe at the time he filed his notice of appeal.
[2] N. Coast Cable L.P. v. Hanneman (1994), 98 Ohio App.3d 434,440, 648 N.E.2d 875.
[3] 75 Ohio St.3d 280, 1996-Ohio-107.
[4] Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,480 N.E.2d 474; Boles v. Montgomery Ward Co. (1950), 153 Ohio St. 381,92 N.E.2d 9, at paragraph one of the syllabus.
[5] Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584,49 N.E.2d 925. See, also, Anaple v. Standard Oil Co. (1955),162 Ohio St. 537, 124 N.E.2d 128.
[6] 1996 Ohio App. LEXIS 4046 (Sept. 20, 1996), Montgomery App. No. 15732.
[7] Presley v. Norwood (1973), 36 Ohio St.2d 29, 31, 303 N.E.2d 81.
[8] Detrick v. Columbia Sussex Corp., Inc. (1993), 90 Ohio App.3d 475,478, 629 N.E.2d 1081.
[9] Catanzano v. Kroger Co. 1995 Ohio App. LEXIS 22 (Jan. 11, 1995), Hamilton App. No. C-930761.
[10] Parras v. Standard Oil Co. (1953), 160 Ohio St. 315,116 N.E.2d 300.
[11] Id.; Allen v. American Building Services, Inc., 1993 Ohio App. LEXIS 5362 (Nov. 19, 1993), Montgomery App. No. 13975.
[12] (1958), 167 Ohio St. 353, 148 N.E.2d 687.