OPINION
{¶ 1} Plaintiff-appellant Robert Roe appeals from a summary judgment rendered against him on his complaint against defendant-appellee Perkins Family Restaurants, L.P., alleging negligence resulting in a slip-and-fall injury. We agree with the trial court that the evidence in the record, when viewed in a light most favorable to Roe, fails to establish either that Perkins Family Restaurants, or its agent, was responsible for the presence on the floor of the slippery substance causing Roe's fall, or that the restaurant or its agent had actual or constructive knowledge of the presence of that substance, but failed to warn against it, or to remove it. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} In the summer of 1997, Roe had a meal at a Perkins restaurant. He was on crutches due to an injury to his leg. After Roe finished and paid for his meal, he left his seat, and started for the exit. Before he reached the front of the restaurant, he fell, after his crutches came into contact with a slippery substance on the tiled hallway.
 {¶ 3} Some time before Roe fell, a restaurant employee was seen mopping the floor near the front exit of the restaurant. Roe brought this action against Perkins Family Restaurants, contending that it was negligent in maintaining the condition of the floor, thereby causing Roe to slip, fall and injure himself. Perkins Family Restaurants moved for summary judgment. The trial court found this motion to be well-taken, and rendered judgment accordingly. From the summary judgment rendered against him, Roe appeals.
 II {¶ 4} Roe's sole assignment of error is as follows:
 {¶ 5} "The Trial Court Erred When It Granted Summary Judgment In Favor Of The Defendant."
 {¶ 6} Roe was a business invitee. Perkins Family Restaurants owed Roe, as a business invitee, a duty of ordinary care to maintain the premises in a reasonably safe condition. Curtis v. Schear's Metro Market, Montgomery App. No. 18579, 2001 Ohio App. Lexis. "* * * to prevail in a case where the plaintiff has allegedly slipped on a foreign substance on the floor of the defendant's premises, the plaintiff bears the burden of showing: (1) that the defendant through its officers or employees was responsible for the hazard complained of; or (2) that at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or (3) that such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or to remove it was attributable to a want or ordinary care." Id., at 3, quoting Jones v.Sears, Roebuck Co., Inc. (October 19, 1994), Montgomery App. No. 14528.
 {¶ 7} In applying these principles of law, the trial court reasoned as follows:
 {¶ 8} "In the case sub judice, Mr. Roe entered the restaurant with the purpose of dining and therefore was a business invitee. Furthermore, there is no question that the Plaintiff slipped and fell on the tile walkway, which led from his table to the front exit. However, the evidence before the Court demonstrates that the Plaintiff has failed to meet its burden of proving that the Defendant was responsible for or had adequate knowledge of the dangerous condition.
 {¶ 9} "The Plaintiff has failed to prove that the restaurant or its employees were responsible for the hazard complained of, which was the slippery substance on the floor. Although the Plaintiff alleges that a Perkins employee was mopping near the front of the store, the Plaintiff admitted that he never saw the employee mopping in the area where the Plaintiff fell. Plaintiff's Deposition, p. 51, p. 61, at 7-9. In addition, the Plaintiff testified that the employee was located `clear at the front' mopping. Id.,p. 51, at 9-10. The Plaintiff also admitted the substance that caused him to fall could have been spilled by another customer. Id., p. at 61, 10-16. There is no evidence before the Court that shows the restaurant employee was mopping in the area where the Plaintiff fell.
 {¶ 10} "The evidence, viewed in a light most favorable to the Plaintiff, also fails to show that the restaurant, or any employee, had actual knowledge of the hazardous condition of the floor. In fact, the Plaintiff testified that the floor looked nice and pretty. Id., p. 51, at 20-24. The Plaintiff did not remember if the floor looked dry in the area of the fall. Id. During his deposition, the Plaintiff drew a diagram that depicts where the employee was mopping and where the `wet floor' signs were situated. Id., Defendant's Ex. B. The Defendant's diagram shows that both the employee and the `wet floor' signs were located near the front exit. The evidence fails to show that any employee had actual knowledge of the alleged hazardous condition of the floor where the Defendant slipped.
 {¶ 11} "The Plaintiff has also failed to show that the alleged slippery substance was on the floor for a sufficient length of time. The Plaintiff admitted that he had no idea how long the substance that caused his fall was on the floor. Id., p. 62, at 19-25.
 {¶ 12} "In asserting his position, the Defendant cites two slip and fall cases from the Second Appellate District. In Curtis v. Schear'sMetro Market, Montgomery App. No. 18579, 2001 Ohio App. LEXIS, the appeals court reversed the trial court's summary judgment entry for defendant because the plaintiff established the existence of a genuine issue of fact for determination by a jury. In Curtis, a plaintiff sued Schear's Market as a result of a fall she sustained on the store floor.
 {¶ 13} "In Curtis, both the Plaintiff and her mother testified that they observed a man running a buffer on the floor. At first, the Plaintiff testified that she did not know what she had slipped on, but she further testified that she believed the substance to be wax. The Plaintiff also testified that there was a puddle on the floor, beside her, that she believed to be wax. In addition, the Plaintiff noticed a wet substance on the floor which dampened the leg on the pants of the Plaintiff. The Plaintiff testified that the substance on her pants was wax. Based on these facts, the Court of Appeals held that it could be reasonably inferred that Defendant had knowledge of the dangerous condition.
 {¶ 14} "The Curtis case is different from our case because Mr. Roe never observed a restaurant employee mopping the area of the floor where the Plaintiff slipped. Furthermore, the evidence fails to show the existence of a puddle near the place where the Defendant slipped and fell. In addition, Mr. Roe never identified the substance that was on his coat. He simply stated that it was a wet, greasy substance.
 {¶ 15} "The Plaintiff also cites Detrick v. Columbia SussexCorp., Inc. (1993), 90 Ohio App.3d 475, 629 N.E.2d 1081. In Detrick, a plaintiff brought suit for injuries suffered as a result of a fall she suffered in a business restroom. The trial court rendered summary judgment against the plaintiff. The Court of Appeals overruled the lower court while noting that although the plaintiff saw no condition on the floor that could have caused her fall, she did find a greasy and slippery substance on her dress after the fall. The Court of Appeals stated that one may reasonably infer that the plaintiff slipped on the substance found on her dress. Such circumstantial evidence led to the reasonable inference that the slippery substance was left by an employee who was cleaning the bathroom.
 {¶ 16} "However, in Detrick, the Plaintiff presented the affidavit of an expert in biochemistry and forensic testing, who determined that the substance found on the Detrick's dress contained a surfactant and a detergent. The expert was of the opinion that the dress had been in contact with an aqueous-based cleaning material that was on a ceramic tile floor. The Appellate Court stated that proof that the defendant's employee was in the restroom earlier and had cleaning products similar to that which may have caused the plaintiff to slip and fall supports an inference that the employee allowed some of the cleaning product to fall to the floor and remain there. As a result, the Court of Appeals reversed the trial court and held that a genuine issue of material fact remained for determination.
 {¶ 17} "Under the facts in our case, the Plaintiff has failed to provide any affidavits or proof that might indicate what the substance on his coat actually was. Rather, the Plaintiff testified at his deposition that he had to have his coat washed twice because there was grease and water on it. Plaintiff's Deposition, p. 52, at 1-10. In this case, there is no direct or circumstantial proof to support the inference that the restaurant or an employee of the restaurant created the alleged slippery substance, which caused the Plaintiff to slip and fall.
 {¶ 18} "The Plaintiff's deposition testimony, along with all the evidence before the court, does not create a genuine issue of fact for trial. Therefore, an entry of summary judgment in favor of the Defendant is proper in this case."
 {¶ 19} We agree with the above-quoted analysis by the trial court, and adopt it as our own. In the case before us, unlike in Curtisv. Schear's Metro Market, supra, and in Detrick v. Columbia SussexCorp., Inc., supra, Perkins Family Restaurants has submitted Roe's deposition to establish that he is without any proof, direct or circumstantial, to establish either that the slippery substance causing his fall reached the floor as the result of the defendant's negligence, or that the defendant had actual or constructive knowledge that that slippery substance was on the floor, presenting a hazard to customers, but neglected to remove it, or warn against it. The substance may have reached the floor shortly before Roe's slip and fall, as a result of another customer's having dropped the substance onto the floor. The substance may have been gravy, or a pad of butter; a jury would be required to indulge in pure speculation both as to what the substance was, and how it came to be on the floor.
 {¶ 20} Roe's sole assignment of error is overruled.
 III {¶ 21} Roe's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and GRADY, JJ., concur.