OPINION
{¶ 1} This is an appeal from a summary judgment for the defendants granted by the court of common pleas on plaintiffs' claim for relief for personal injuries.
 {¶ 2} Plaintiffs, Chris and John Haughey, who are husband and wife, went to the Taco Bell restaurant in Urbana on February 15, 1999, to eat lunch. Both ordered food at the counter and took it to a table. Chris Haughey had a Mexican Pizza, a dish she had eaten at other Taco Bells.
 {¶ 3} After Chris Haughey had taken several bites of her pizza, she felt a hard object in her mouth. Searching around inside with her tongue, she located a piece of tooth that had broken off. After removing the piece of tooth from her mouth, and unable to locate any foreign object inside, she swallowed the food remaining in her mouth.
 {¶ 4} Chris Haughey's broken tooth required extensive dental repairs, including a cap and two root canals. On February 15, 2001, she and her husband commenced an action on her claim for personal injuries against Taco Bell of America, Inc. Subsequently, Taco Bell of America, Inc., was dismissed and Nicholas Kallengis and John or Jane Doe were substituted as defendants. Later, on November 21, 2003, those defendants were dismissed and Twin's Group, Inc. ("Twins Group"), was substituted.
 {¶ 5} Twins Group filed responsive pleadings and later moved for summary judgment on the Haughey's claims for relief. The motion asserted two grounds. First, that the claim for relief was barred by R.C. 2305.10, the two-year statute of limitations governing personal injury claims. Second, that Plaintiffs lacked evidence necessary to find that Twins Group is liable for Chris Haughey's broken tooth. The latter was supported by Chris Haughey's deposition statements.
 {¶ 6} The trial court denied the motion for summary judgment on the statute of limitations contention, finding that the claims against Twins Group related back to the original complaint that was filed, per App.R. 15(C). The court granted summary judgment in favor of Twins Group on the issue of liability, however. The Haugheys filed a timely notice of appeal. Twins Group filed a notice of cross-appeal.
 {¶ 7} APPELLANT'S ASSIGNMENT OF ERROR
 {¶ 8} "The trial court erred in granting summary judgment in favor of the defendant-appellee on the basis that plaintiff-appellants failed to state a claim."
 {¶ 9} Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Morris v. First National Bank Trust Co. (1970), 21 Ohio St.2d 25. In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. Osborne v. Lyles
(1992), 63 Ohio St.3d 326. Further, the issues of law involved are reviewed de novo. Nilavar v. Osborn (1998), 127 Ohio App.3d 1.
 {¶ 10} Haughey's negligence claim is posited on a theory that Twins Group served her a pizza containing a foreign object that caused her tooth to break when she bit down on it, not knowing it was there. Therefore, her burden at trial would require her to offer evidence demonstrating (1) the injury she suffered and the resulting loss, and (2) the agency that proximately caused the injury to occur, one for which Twins Group was responsible.
 {¶ 11} Twins Group supported its motion for summary judgment with Haughey's deposition in which she described her injury and how it occurred. However, she was unable to describe or identify the object that she allegedly bit down on that caused her tooth to break.
 {¶ 12} In Drescher v. Burt (1996), 75 Ohio St.3d 280, the Supreme Court held that a defendant who moves for summary judgement and contends that the plaintiff lacks evidence to prove a claim for relief "cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has the reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id., at 293.
 {¶ 13} Here, relying on Haughey's admission in her deposition, Twins Group pointed to evidence which affirmatively demonstrates that the Plaintiffs lack evidence to support their claim that the pizza Chris Haughey was served contained a foreign object that caused her tooth to break and for which Twins Group was responsible. It then became Haughey's burden to offer evidence showing that such an object was in the food she was served. Dresher. She offered none. Instead, Haughey necessarily relied on inferences to support her claim, and in deciding a motion for summary judgment any evidence from which an inference may be drawn must be construed most strongly in her favor. Civ.R. 56(C).
 {¶ 14} In Detrick v. Columbia Sussex, Inc. (1993), 90 Ohio App.3d 475, we reversed summary judgment for a defendant on the plaintiff's slip and fall claim. Plaintiff alleged that she slipped on a soapy substance left on a restroom floor. She offered evidence showing that her clothes bore a residue of a similar kind. She also offered evidence that the defendant's employee had cleaned the restroom that day using a similar substance. We found that the evidence would permit a jury to infer that the employee was negligent in allowing the substance to remain on the floor, which was the theory of the plaintiff's claim. The inference was sufficient for summary judgment purposes to overcome the employee's denials and other evidence offered by the defendant to show that a different substance for which the defendant was not responsible was on the floor and may have caused the plaintiff's fall.
 {¶ 15} Here, as in Detrick, Haughey testified concerning her injury and its occurrence. In Detrick, the defendant attempted to evade responsibility. Twins Group makes a similar argument, citing cases in which defendants have been absolved of responsibility for objects that occur naturally in the food they served; for example, a chicken bone in a chicken sandwich or a piece of clam shell in a fried clam strip. However, the analogy would seem to have little application to a pizza, and Taco Twins does not explain how it does.
 {¶ 16} Twins Group also argues that the injury may have occurred spontaneously; that Chris Haughey's tooth broke from an inherent weakness. That is possible, but on this record it is no more than mere speculation. The question remains whether the pizza contained a foreign object that broke Chris Haughey's tooth.
 {¶ 17} In order to find that there was an object in the pizza that Taco Twins served which was hard enough to break Chris Haughey's tooth, a trier of fact must necessarily infer that (1) it was foreign to the food she was served and (2) that Twins Group's negligent act or omission had allowed or caused the object to be there. However, the second inference is necessarily drawn from the first. In that case, the finding of fact required to hold Taco Twins liable on Haughey's theory of negligence violates the rule against the stacking of inferences. State v. Grant
(1993), 67 Ohio St.3d 465. Enforcement of the rule is consistent with a claimant's burden at trial, which requires proof and not merely the speculative proposition that stacked inferences might support.
 {¶ 18} Plaintiffs cannot rely on stacked inferences to satisfy the requirement to show that there is a genuine issue of material fact for trial. Drescher, supra. Without other evidence, which does not exist in this record, the trial court's summary judgment was proper for Twins Group on the issue of liability.
 {¶ 19} Appellant's assignment of error is overruled.
 {¶ 20} APPELLEE'S CROSS ASSIGNMENT OF ERROR
 {¶ 21} "The trial court erred by failing to grant defendant, the Twins Group, Inc.'s, motion for summary judgment on the bar of the two year statute of limitation provided by R.C. 2305.10."
 {¶ 22} Affirming the grant of summary judgment in its favor renders Twins Group's cross assignment of error moot. Per App.R. 12(A)(1)(c), we decline to address it.
 {¶ 23} The judgment from which the appeal was taken will be affirmed.