CHANSKY et al., Appellants,

v.

WHIRLPOOL CORP. et al., Appellees.

[Cite as *Chansky v. Whirlpool Corp.*, 164 Ohio App.3d 641, 2005-Ohio-6397.]

Court of Appeals of Ohio,
Second District, Darke County.

No. 1661.

Decided Dec. 2, 2005.

Jami S. Oliver, for appellants.

Terrance Miller, for appellees.

Young, Judge.

{¶ 1} Daniel Chansky is appealing from the decision of the Common Pleas Court of Darke County, Ohio granting summary judgment to defendant Whirlpool Corporation on Chansky's claim against it for damages that he said were the result of injury to his foot on the grounds of the defendants.

{¶ 2} The appellant's sole assignment of error is as follows:

{¶ 3} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT–AP-PELLEE'S MOTION FOR SUMMARY JUDGMENT WHERE PLAINTIFF–APPELLANT SUBMITTED EVIDENCE THAT DEFENDANT KNEW OR SHOULD HAVE KNOWN OF DANGEROUSLY SHARP METAL SHARDS ON THE LOADING DOCK AREA, AND DESPITE THAT KNOWLEDGE, FAILED TO ELIMINATE THE HAZARD AND FAILED TO WARN PLAINTIFF, THEREBY PROXIMATELY CAUSING HIS INJURY."

{¶ 4} We begin by setting forth the statement of the case and facts and the rationale of the decision of Judge Jonathan P. Hein of the Common Pleas Court of Darke County, granting the motion for summary judgment of the defendants, Whirlpool Corporation and others, as follows:

{¶ 5} "This matter comes before the Court upon the motion filed by Whirlpool Corporation which seeks summary judgment pursuant to Civil Rule 56. The Court has reviewed the motion, memoranda, pleadings, depositions, applicable law, and all other matters of record herein.

"**Statement of the Case**

{¶ 6} "The Plaintiff, Daniel J. Chansky, filed his Complaint seeking money damages based upon an injury to his foot which he alleges occurred on December 13, 2001 at the manufacturing facility operated by Whirlpool Corporation in Greenville, Ohio. At the time, Mr. Chansky was preparing to make a delivery to Whirlpool and had been directed to enter by a door by the loading dock area of the facility. Upon exiting his truck, Mr. Chansky was walking to the door to make the delivery when he alleges that he stepped onto a sharp metal object which penetrated through his boot and into his foot. However, Mr. Chansky

continued with his delivery and did not notify anyone from Whirlpool about the incident. Instead, he discovered the injury when he returned to his truck and removed his boot. He alleges that he notified his dispatcher and documented the incident on his own copies of the shipping and delivery documents.

{¶ 7} "The incident became more serious because Mr. Chansky suffers from diabetes and claims that the eventual amputation of his foot was the direct and proximate result of the injury at Whirlpool. In addition to claims by Daniel Chansky, additional claims are brought on behalf of his dependent son.

{¶ 8} "Whirlpool defends this case claiming that there is no proof that Mr. Chansky was injured at their facility, that there is no legal duty owed to Daniel Chansky, that there was no breach of any duty owned to Daniel Chansky, and that the amputation was not proximately related to any injury at the Greenville facility.

**"Standard of Review for Summary Judgment**

{¶ 9} "In order to prevail in a Motion for summary judgment, the moving party bears the burden of showing that there is no genuine issue of material fact. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64 [8 O.O.3d 73, 375 N.E.2d 46]; *Celotex Corp. v. Catrett* (1986), 477 U.S. 317 [106 S.Ct. 2548, 91 L.Ed.2d 265]. A party seeking summary judgment on the grounds that a non-moving party cannot prove its case bears the initial burden of informing the trial court of the basis for the Motion and of identifying evidence in the record which demonstrates the absence of a genuine issue of material fact on the essential elements of the non-moving parties claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. Summary judgment is only appropriate if reasonable minds can only conclude based upon the evidence that judgment for the movant is appropriate. *Vahila v. Hall* (1997), 77 Ohio St.3d 421 [674 N.E.2d 1164].

{¶ 10} "The evidence presented on a Motion for summary judgment must be construed in favor of the party opposing the Motion who is given the benefit of all favorable inferences that can be drawn from it. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150 [66 O.O.2d 311, 309 N.E.2d 924]. 'On summary judgment the inferences to be drawn from the underlying facts contained in [the affidavits, exhibits, and depositions] must be viewed in the light most favorable to the party opposing the Motion.' *United States v. Diebold, Inc.* (1962), 369 U.S. 654 [82 S.Ct. 993, 8 L.Ed.2d 176].

{¶ 11} "Further, a non-moving party possesses a burden pursuant to Civil Rule 56(E). 'When a Motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is

a genuine issue for trial.' Accordingly, a party opposing summary judgment must present evidence with respect to those elements which the opposing party must establish at trial. *Celotex Corp.*, supra.

"**Case Analysis**

{¶ 12} "In this case, the Plaintiffs' claims are based upon a theory of negligence, wherein the Plaintiffs must prove (1) that Whirlpool owed a duty of care to the Plaintiffs, (2) that Whirlpool breached the duty of care, and (3) that the Plaintiffs' injuries were the direct and proximate result of the breach. *Baier v. Cleveland Ry. Co.* (1937), 132 Ohio St. 388 [8 O.O. 208, 8 N.E.2d 1]; *Bennison v. Stillpass Transit Co.* (1966), 5 Ohio St.2d 122 [34 O.O.2d 254, 214 N.E.2d 213]. In a premises liability case such as the within matter, the relationship between the parties and the foreseeability of any injury to a person in the Plaintiff's circumstances determines the extent of any duty which a Defendant owes to a Plaintiff. *Gladon v. Greater Cleveland Regional Transit Auth.* (1996), 75 Ohio St.3d 312 [662 N.E.2d 287]; *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642 [597 N.E.2d 504].

{¶ 13} "In this case, the Court finds that the Plaintiff was a 'business invitee' onto the premises owed by Whirlpool. Therefore, the long-standing legal duty owed to the Plaintiff, as described in *J.C. Penny Co. v. Robison* (1934), 128 Ohio St. 626 [1 O.O. 299, 193 N.E. 401], is applicable:

{¶ 14} " '[W]hen he [the owner or lessee] expressly or by implication invites others to come upon his premises, whether for business or for any other purpose, it is his duty to be reasonably sure that he is not inviting them into danger, and to that end he must exercise ordinary care and prudence to render the premises reasonably safe for the visit.'

{¶ 15} "See also *Base Ball Co. v. Eno* (1925), 112 Ohio St. 175 [147 N.E. 86];

{¶ 16} "However, it must also be remembered that the mere happening of an injury on a business premises does not imply that there is any liability on the part of the owner.

{¶ 17} " 'A shopkeeper is not, however, an insurer of the customer's safety. Further, a shopkeeper is under no duty to protect business invitees from dangers 'which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.'

{¶ 18} "*Sidle v. Humphrey* (1968), 13 Ohio St.2d 45 [42 O.O.2d 96, 233 N.E.2d 589]. 'While the premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers, see *Jackson v. Kings Island* (1979), 58 Ohio St.2d 357 [12 O.O.3d 321, 390 N.E.2d 810], invitees are expected to take reasonable precautions to avoid dangers that

are patent or obvious.' *Stevens v. Highland Cty. Bd. of Commrs.*, 2004-Ohio-4560 [2004 WL 1925430].

{¶ 19} "In determining whether there is any breach of the duty of care owed to an invitee, the foreseeability of the injury must be considered. This concept is aptly stated in I Ohio Jury Instructions, Section 7.13:

{¶ 20} " 'The test of foreseeability is whether a reasonably prudent person under all the circumstances would have anticipated that an injury was likely to result from the performance or nonperformance of an act. Moreover, the foreseeability of the harm usually depends on the defendant's knowledge. In determining whether the Defendant should have recognized the risks involved, only those circumstances which they perceived, or should have perceived, at the. time of their actions should be considered. The mere happening of an accident gives rise to no presumption of negligence. The test for foreseeability is not whether the party should have foreseen the injury precisely as it happened to the specific person involved. The test is whether under all the circumstances a reasonably cautious person would have anticipated that injury was likely to result to someone from the fact or failure to act.'

{¶ 21} " * * *

{¶ 22} "Further, regarding any duty of care owed to Plaintiffs, lighting is not an issue, since there is no testimony that additional light would have made the shard more identifiable as a potentially injurious object. The lighting was sufficient for Mr. Chansky to walk to the building without difficulty, the amount of light reasonably necessary would not include enough light to identify a small shard of metal.

{¶ 23} "Additionally, for the above stated reasons, the Court determines that the Defendant did not violate any duty of care which might be imposed upon the Defendant under the circumstances that existed on December 13, 2001. The circumstances do not demonstrate knowledge on the Defendant's part from which to impute any duty to warn Mr. Chansky of the existence of a shard of metal.

{¶ 24} "Finally, regarding the affidavit by Plaintiff's expert engineer, Mr. Eckhardt, there is no indication that the conditions that existed on December 13, 2001 were the same as those conditions which the engineer encountered during his inspection on November 15, 2004. This deficiency significantly limits the affidavit's usefulness. Further, without an actual description of the size, shape and nature of the shard which injured Mr. Chansky, the expert's opinions are conclusory and of limited value. [It should be noted that the Plaintiff's affidavit attached to his Memorandum filed December 28, 2004 was not complete and therefore not a part of the Court's consideration—although the substance of the affidavit was essentially the same as in Mr. Chansky's deposition.]

"**Conclusion**

{¶ 25} "For the above-stated reasons, the Court finds that there do not exist questions of material fact and that Defendant Whirlpool Corporation is entitled to summary judgment pursuant to Civil Rule 56 as a matter of law.

{¶ 26} "**IT IS, THEREFORE ORDERED AND DECREED** that the motion for summary judgment by Whirlpool Corporation is granted. This matter is dismissed. Costs equally divided. FINAL APPEALABLE ORDER."

{¶ 27} When reviewing a trial court's grant of summary judgment, an appellate court conducts a de novo review. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland City Schools Bd. of Edn.* (1997), 122 Ohio App.3d 378, 383, 701 N.E.2d 1023, citing *Dupler v. Mansfield Journal Co.* (1980), 64 Ohio St.2d 116, 119–120, 18 O.O.3d 354, 413 N.E.2d 1187. Thus, the trial court's decision is not granted any deference when reviewed by an appellate court. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153.

{¶ 28} In conformance therewith, we have reviewed the entire record and agree with the trial court that summary judgment was appropriately granted because there was no genuine issue as to any material fact; the moving party is entitled to judgment as a matter of law; reasonable minds can come to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made; and the nonmovant is entitled to have the evidence construed most strongly in its favor. *Harless v. Willis Day Warehousing Co., Inc.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46. See, also, Civ.R. 56(C).

{¶ 29} In affirming the trial court's decision, we note that the defendants' liability depends upon a reasonable foreseeability of an injury to the plaintiff in the circumstances alleged in this case. We particularly note that there is uncontroverted evidence that in the 26 years that defendant has operated the premises upon which the injury allegedly occurred, there has been no complaint or notice of any injury or alleged injury to any invitee upon those premises in the circumstances alleged by the plaintiff. This is a significant period of time, and obviously after those 26 years, the defendant would have no reason to foresee the kind of injury complained of by the plaintiff. The record is devoid of any evidence that Whirlpool's employees knew of any metal shards such as those allegedly stepped upon by the plaintiff being swept out to or existing on the premises at any time during those 26 years. Therefore, the risk of danger to the plaintiff was totally unforeseeable by the defendant, and, therefore, negligence is not proven.

{¶ 30} At oral argument, it was brought out that there is an additional reason to suspect that the plaintiff's injuries were not caused by an accident at the defendant's premises. The plaintiff is a long-time diabetic; he has suffered previous injuries to his foot, including amputation of toes; and many medical procedures intervened between the alleged accident and the loss of plaintiff's foot. Although we do not ground our decision on that point, we note in passing that it further supports our decision that this judgment should be affirmed.

{¶ 31} The sole assignment of error is overruled and the judgment is affirmed.

Judgment affirmed.

DONOVAN, J., concurs.

GRADY, J., dissents.

FREDERICK N. YOUNG, J., Retired, of the Second Appellate District, sitting by assignment.

GRADY, Judge, dissenting.

{¶ 32} Defendant's expert testified that he had observed dangerous metal shards, similar to the shard plaintiff said had caused his injury, littering the loading dock area where plaintiff testified he had been injured, and that manufacturing processes the expert had observed at defendant's plant were capable of producing such shards. From such evidence, the trier of fact reasonably could find that defendant was at fault for creating the condition from which plaintiff's injury proximately resulted, which would satisfy the foreseeability requirement for premises-liability applicable to a claim of this kind. *Detrick v. Columbia Sussex Corp.* (1993), 90 Ohio App.3d 475, 629 N.E.2d 1081. Of course, a jury would not be bound either to make that finding of foreseeability or to find that such a dangerous condition even existed. However, at this stage and for purposes of Civ.R. 56, upon which defendant's motion for summary judgment is predicated, the evidence must be construed most strongly in plaintiff's favor. Id. Therefore, even though his chances of prevailing at trial may be remote, I would find that the trial court erred when it granted summary judgment for defendant on the record before it.