DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Gallia County Common Pleas Court summary judgment in favor of Ohio Valley Supermarkets, Inc. dba Ohio Valley Foodland, the defendant below and the appellee herein. The trial court determined that no genuine issues of material fact remained regarding whether the appellee negligently caused Tawna Borden, the plaintiff below and the appellant herein, to slip and fall.
 {¶ 2} Appellant raises the following assignment of error for review:
"The court erred in granting defendant appellee's motion for summary judgment by finding that no genuine issue of material fact existed; where plaintiff presented credible evidence concerning the hazardous substance on the store floor, which, if believed, would support a conclusion that store personnel were aware of the substance and had failed to thoroughly clean it up; and contrary evidence offered by the defendant created a question of fact for a jury to decide based upon the credibility of the respective witnesses."
 {¶ 3} While shopping in the condiment aisle at Foodland, the appellant "just slipped and fell." She did not notice anything "visible on the floor, just that when [she] got up [she] could see like a greasy film." She thought that the film may have been mayonnaise, but she was not certain. On April 29, 2003, the appellant filed a complaint against appellee for negligence.
 {¶ 4} On January 7, 2004, the appellee filed a summary judgment motion and asserted that no genuine issues of material fact exist and that that judgment should be granted in its favor. Appellee argued: (1) that the appellant does not know what caused her fall; and (2) that she could not show that any of Foodland's employees created the alleged hazard or had knowledge of the substance on the floor. Appellee submitted a store employee's affidavit which stated that: (1) she did not see anything on the floor that appellant could have slipped on; (2) she did not see anything broken in the area; and (3) the floor did not appear wet.
 {¶ 5} In response, the appellant argued that Foodland employees must have failed to properly clean up a mayonnaise spill. She asserted:
"[I]t is obvious that a jar of mayonnaise had been spilled some time before [appellant] went down the same aisle to get some Miracle Whip. It is also clear that an employee of the store had attempted to clean up the spill sometime before [appellant] went down the aisle. An attempted clean up is evident from the fact that there was no glass or broken bottle in the area at the time [appellant] fell. It is also obvious that the employee's clean up was negligently performed because enough of the oily substance remained to cause [appellant] to fall and to stain her clothes."
 {¶ 6} On March 4, 2004, the trial court granted appellee summary judgment. The court determined that the record contained no evidence that the appellee placed the substance on the floor or had actual knowledge of it and failed to remove it or to warn customers. The court further found that the record did not contain any evidence as to the length of time that the substance remained on the floor. Appellant timely appealed the trial court's judgment.
 {¶ 7} In her sole assignment of error, the appellant asserts that the trial court erred by granting the appellee summary judgment. She contends that genuine issues of material fact remain as to whether the store employees created the slippery condition of the floor. She claims that because the substance resembled mayonnaise and because she fell in the condiment aisle, a bottle of mayonnaise must have previously fallen into the aisle and store employees attempted to clean it up. Appellant argues that this evidence creates a reasonable inference that the store employees created the hazard.
 {¶ 8} Initially, we note that when reviewing a trial court's decision regarding a summary judgment motion, an appellate court conducts a de novo review. See, e.g., Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brownv. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711,622 N.E.2d 1153; Morehead v. Conley (1991), 75 Ohio App.3d 409, 411-12,599 N.E.2d 786. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the Civ.R. 56 summary judgment standard, as well as the applicable law.
 {¶ 9} Civ.R. 56(C) provides, in relevant part, as follows:
* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
 {¶ 10} Thus, a trial court may not grant a summary judgment motion unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421,429-30, 674 N.E.2d 1164.
 {¶ 11} Under Civ.R. 56, the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a material fact. Vahila, supra; Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,662 N.E.2d 264, 273. The moving party cannot discharge its initial burden under the rule with a conclusory assertion that the nonmoving party has no evidence to prove its case. See Kulch v. Structural Fibers, Inc.
(1997), 78 Ohio St.3d 134, 147, 677 N.E.2d 308, 318; Dresher, supra. Rather, the moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any," which affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C); Dresher, supra.
 {¶ 12} "[U]nless a movant meets its initial burden of establishing that the nonmovant has either a complete lack of evidence or has an insufficient showing of evidence to establish the existence of an essential element of its case upon which the nonmovant will have the burden of proof at trial, a trial court shall not grant a summary judgment." Pennsylvania Lumbermans Ins. Corp. v. Landmark Elec., Inc.
(1996), 110 Ohio App.3d 732, 742, 675 N.E.2d 65. Once the moving party satisfies its burden, the nonmoving party bears a corresponding duty to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); Dresher, supra.
 {¶ 13} In responding to a summary judgment motion, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. Instead, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56(E) provides:
* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
 {¶ 14} Consequently, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial. A trial court may grant a properly supported summary judgment motion if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. Dresher,
supra; Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio `St.3d 48, 52, 567 N.E.2d 1027.
 {¶ 15} In order to survive a properly supported motion for summary judgment in a negligence action, a plaintiff must establish that genuine issues of material fact remain as to whether: (1) the defendant owed her a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. See Texler v. D.O. Summers Cleaners (1998),81 Ohio St.3d 677, 680, 693 N.E.2d 217; Jeffers v. Olexo (1989),43 Ohio St.3d 140, 142, 539 N.E.2d 614; Menifee v. Ohio WeldingProducts, Inc. (1984), 15 Ohio St.3d 75, 472 N.E.2d 707. If a defendant points to evidence illustrating that the plaintiff will be unable to prove any one of the foregoing elements and if the plaintiff fails to respond as Civ.R. 56 provides, the defendant is entitled to judgment as a matter of law. See Feichtner v. Cleveland (1994), 95 Ohio App.3d 388, 394,642 N.E.2d 657; Keister v. Park Centre Lanes (1981), 3 Ohio App.3d 19,443 N.E.2d 532; Lindquist v. Dairy Mart Convenience Stores of Ohio, Inc.
(Nov. 14, 1997), Ashtabula App. No. 97-A-0015.
 {¶ 16} In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed. See, e.g., Gladon v. Greater Cleveland Regional Transit Auth.
(1996), 75 Ohio St.3d 312, 315, 662 N.E.2d 287; Shump v. FirstContinental-Robinwood Assocs. (1994), 71 Ohio St.3d 414, 417,644 N.E.2d 291. A business premises owner or occupier possesses the duty to exercise ordinary care in maintaining its premises in a reasonably safe condition, such that its business invitees will not unreasonably or unnecessarily be exposed to danger. Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203, 203, 480 N.E.2d 474. A premises owner or occupier is not, however, an insurer of its invitees' safety. See id. While the premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers, see Jackson v. Kings Island (1979), 58 Ohio St.2d 357, 358, 390 N.E.2d 810, invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. See Brinkman v. Ross (1993), 68 Ohio St.3d 82,84, 623 N.E.2d 1175; Sidle v. Humphrey (1968), 13 Ohio St.2d 45,233 N.E.2d 589, paragraph one of the syllabus.
 {¶ 17} In a slip-and-fall case, an inference of negligence does not arise simply because an invitee falls while on the shopkeeper's premises. See Hodge v. K-Mart Corp. (Jan. 18, 1995), Pike App. No. 93CA528, citing Parras v. Standard Oil Co. (1953), 160 Ohio St. 315,116 N.E.2d 300. An inference of negligence does not arise from mere guess, speculation, or wishful thinking, but rather can arise only upon proof of some fact from which such inference can reasonably be drawn.Parras, paragraph two of the syllabus. Therefore, "it is incumbent on the plaintiff to show how and why any injury occurred — to develop facts from which it can be determined by a jury that the Defendant failed to exercise due care and that such failure was a proximate cause of the injury." Hodge, quoting Boles v. Montgomery Ward (1950), 153 Ohio St. 381,3892, 92 N.E.2d 9; see, also, Stamper v. Middletown Hosp. Assn. (1989),65 Ohio App.3d 65, 67-68, 582 N.E.2d 1040. Thus, to establish that the shopkeeper failed to exercise ordinary care in a slip-and-fall case, the plaintiff must demonstrate that: (1) the shopkeeper created the hazard; or (2) the shopkeeper had actual knowledge of the hazard and failed to give adequate notice of its existence or to remove it promptly; or (3) the hazard existed for a sufficient length of time to justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care. See Ashbaugh v. FamilyDollar Stores (Jan. 20, 2000), Highland App. No. 99CA11, citing Johnsonv. Wagner Provision Co. (1943), 141 Ohio St. 584, 589, 49 N.E.2d 925. If the shopkeeper created the hazardous condition, then we presume that the shopkeeper had knowledge or notice of the condition of at issue. SeeCrane v. Lakewood Hosp. (1995), 103 Ohio App.3d 129, 136,658 N.E.2d 1088, citing Presley v. Norwood (1973), 36 Ohio St.2d 29, 31,303 N.E.2d 81.
 {¶ 18} In the case at bar, the appellant focuses her argument on whether a genuine issue of material fact exists regarding whether the shopkeeper created the hazard. Because she does not argue on appeal that the appellee had actual knowledge of the hazard and failed to give adequate notice of its existence or to remove it promptly or that the hazard existed for a sufficient length of time to justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care, we do not address whether genuine issues of material fact remain regarding these two elements of a slip-and-fall claim.
 {¶ 19} We agree with the trial court's conclusion that no evidence exists from which one might reasonably infer that Foodland's employees created the hazard. The evidence, at best, shows that appellant slipped on mayonnaise. The evidence does not shed any light on how the mayonnaise came to be on the floor. While the appellant speculates that a jar of mayonnaise spilled and Foodland's employees failed to properly clean the spill, her speculation is not sufficient to create a genuine issue of material fact. The cases the appellant cites to support her claim that a reasonable inference exists that Foodland's employees created the condition are inapposite.
 {¶ 20} In Detrick v. Columbia Sussex Corp., Inc. (1993),90 Ohio App.3d 475, the plaintiff slipped and fell in a motel restroom. When she fell, she did not notice anything on the floor, but did observe a greasy substance on her dress. The plaintiff theorized that she slipped on a soapy residue or substance that the defendants' employees left on the floor when cleaning the restroom. The plaintiff presented an expert affidavit "who opined that the substance found on [the plaintiff's] dress contained a surfactant and a detergent and that the dress had been `in contact with an aqueous-based cleaning material that was on a ceramic tile floor.'" Id. at 478. The employee who had earlier cleaned the restroom stated that "no soap or water remained on the floor after she cleaned it that day." Id. The defendants claimed that the substance was more likely hand soap that a customer dropped. The trial court granted the defendants summary judgment and concluded that the evidence did not support an inference that the defendants created the hazard. The appellate court disagreed, stating:
"Proof that the defendants' employee was in the restroom earlier and had cleaning products similar to that which may have caused [the plaintiff] to slip and fall supports an inference that the employee allowed some cleaning product to fall to the floor and remain there. That inference is neither inescapable nor necessary, but on these facts it is reasonably made."
 {¶ 21} Id. at 478. Thus, the appellate court reversed the trial court's summary judgment.
 {¶ 22} The case at bar differs from Detrick. In Detrick, evidence existed that an employee had cleaned the floor the day the plaintiff fell. In the case sub judice, no such evidence exists. Appellant's theory that a bottle of mayonnaise must have broken and an employee must have cleaned it up is speculative.
 {¶ 23} In Crow v. The Andersons (June 5, 1998), Lucas App. No. L-97-1347, the plaintiff slipped and fell while shopping at The Andersons store. "The undisputed facts show[ed] that earlier in the day, [an employee] knocked a bottle full of olive oil from its display shelf." The employees cleaned up the spill and placed a "wet floor" sign in the area. Later in the day, an employee noticed that the floor still appeared oily and an employee again tried cleaning up the spill. Still later in the day, another employee noticed that the floor was still oily and that the oil was seeping out from under the display shelf. The employee again cleaned the area. Later in the day, the same employee returned to the area and noticed that the floor was damp, but oil free. Shortly thereafter, the plaintiff fell. The trial court granted The Andersons summary judgment. On appeal, the court reversed. The court noted that "it is undisputed that [The Andersons] had clear notice of the hazard. As such, it had a duty to warn its customers of the danger and timely remove the hazard. In this case, [The Andersons] placed a `wet floor' sign in the area of the spill and undertook efforts to remove the spilled oil. The issue, as we see it, then becomes whether [The Andersons'] efforts restored its premises to a reasonably safe condition or whether its efforts fell short of that standard because it was negligent in the clean-up process it employed." The court concluded that it had not restored the premises to a reasonably safe condition.
 {¶ 24} The case at bar differs from Crow. In Crow, the store undisputably created the hazard and had notice of the hazard. In the case sub judice, no such evidence exists.
 {¶ 25} In Baudo v. Cleveland Clinic Found. (1996),113 Ohio App.3d 245, 680 N.E.2d 733, the plaintiff slipped and fell. After she fell, she noticed a clear liquid on the floor beneath her. She stated that it looked like half a bucket of water was on the floor. An employee observed the plaintiff fall and stated that the clear liquid may have been spilled by people carrying beverages away from the cafeteria. Another employee stated that employees sometimes transported buckets of water in the area where the plaintiff fell. The plaintiff claimed that the evidence supported an inference that employees transporting buckets of water spilled the liquid on the floor. The court of appeals agreed with the plaintiff and stated: "No other explanation was offered for the presence of the liquid on the floor. A reasonable trier of fact could find that it was more probable that the large quantity of liquid on the floor was produced by a spill from a bucket rather than a drinking cup."
 {¶ 26} In Baudo, some evidence existed that an employee may have spilled the water on the floor. In the case at bar, however, no evidence exists that an employee caused the mayonnaise to be on the floor or had attempted to clean mayonnaise from the floor.
 {¶ 27} Consequently, we believe that in the case sub judice the trial court did not err by granting the appellee summary judgment.
 {¶ 28} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's sole assignment of error and affirm the trial court's judgment.
Judgment Affirmed.